### Berthold Lœwenthal

*v.*

### Christian Streng.

1. Malicious prosecution—*advice as to probable cause.* Where a party, before commencing a criminal prosecution for larceny, consults and takes the advice of highly reputable and able lawyers, upon a fair and truthful statement of the facts to them, and acts on their advice, he will not be liable in a suit for malicious prosecution.

2. Damages—*when excessive.* Where a party bids off the personal property of his debtor at a sale on execution, and takes actual possession thereof, and puts it into the hands of an agent to be sold, under an arrangement with the debtor, that after the debt and costs are realized from the proceeds of the sale, the debtor shall have the balance, and the debtor, before the debt is so paid, breaks into the place where the goods are kept, and removes and disposes of them, and is thereupon arrested for larceny, on the complaint of the creditor, who acts upon the advice of counsel, and the debtor is confined only a few hours, until he gives bail, $10,000 damages in a verdict in a suit by the debtor for malicious prosecution is so grossly excessive, as to evince prejudice, passion or misconception on the part of the jury, and a *remittitur* of $4000 will not cure the error, the remainder being also grossly excessive.

3. New trial—*excessive damages.* Where the damages found by a jury are so grossly excessive as to be accounted for only on the ground of prejudice, passion or misconception, a *remittitur* of four-tenths of the amount will not obviate the error, as the prejudice or misconception of the jury probably influenced the finding on the issues of fact.

Appeal from the Superior Court of Cook county; the Hon. John A. Jameson, Judge, presiding.

Messrs. Rosenthal & Pence, for the appellant.

Messrs. Barnum & Nissen, for the appellee.

Mr. Justice Walker delivered the opinion of the Court:

Appellee brought an action on the case against appellant for malicious prosecution. The case was tried by the court and a jury, and a verdict was rendered against defendant for $10,000. A motion for a new trial was entered by defendant and overruled by the court, and, thereupon, the plaintiff entered a *remittitur* of $4000, and the court rendered a judgment for $6000, and defendant appeals.

Appellee was indebted to the bank of which appellant was president, in the sum of $5000, which was secured by a trust deed on real estate; also, in the further sum, by his note, unsecured, for $1200. When this last note matured, a judgment was entered, by confession, for the amount thereof. Before that time, and before the maturity of the note, appellee gave a bill of sale of his personal property to a third person, but received no consideration, nor does it appear he received any notes or security for the price. Appellant insists the facts all show this sale was fraudulent, but this appellee denies, and claims it was with a view of forming a partnership with the purchaser. To say the least, the transaction was unusual if it was *bona fide.* At any rate, the purchaser surrendered the property to appellee through the assistance of his attorneys.

Afterwards, appellant had an execution issued on the bank judgment levied on this property by the sheriff. He, after advertising, sold it, and appellant, under some arrangement with appellee (but they differ as to its terms), purchased it. He then put Hirsch, and Lœwenthal, his cousin, into its possession, giving them the keys, to sell it, as his agents, assisted by appellee, as he claims; but the latter insists they were to assist him in selling it. It may be justly inferred that the arrangement was, that the property should be sold, the execution costs, interest, and the expenses attending the sale, should be paid, and if any balance remained, appellee was to have it. Sales were made and credits indorsed on the execution, appellee claiming to the full amount, appellant insisting

that there remains over $300 still due. On this question the evidence is quite inharmonious, if not irreconcilable.

It appears that appellee, without the knowledge or consent of appellant, went to the cellar, removed a partition on one side of it, and broke off or removed the hinges of the door, and removed and sold nearly all of the remaining property. Appellant went to and consulted two attorneys, claiming to have stated the facts fairly, and they advised there was probable cause for a prosecution for larceny in thus removing the property, and selling and appropriating its proceeds. Appellant thereupon sued out a warrant, and had appellee arrested on a charge of larceny. Appellee seems to have been in custody a short time, only a few hours, when he was, by a justice of the peace, held for his appearance to the criminal court to answer the charge, but the grand jury failed to find a true bill. Appellee thereupon sued, with the result above stated.

Various errors are assigned, but we only propose to consider one, and that is the question whether the damages are excessive. Appellant apparently owned the property, and appellee seems to have had no well founded pretense to claim its possession, but only such balance as might remain after the debt to the bank should be paid. From the evidence, we infer it was not paid, but that is disputed. Appellant not only held the title, but he, by his agents, seems to have had the actual possession. He consulted and took the advice of highly reputable and able lawyers, and acted on that advice. They gave it as their opinion that there was probable cause, and if he stated the facts fairly to them, he should be protected against a prosecution when he acted under their advice. But if it were conceded that there was not probable cause, and that appellant was actuated by malice, still the verdict of ten thousand dollars is outrageously excessive. It could only have been induced by prejudice, passion, or a total misconception of the case. And when it is so flagrantly excessive as to be only accounted for on the grounds of prejudice, passion or misconception, the *remittitur* does not remove the prejudice,

passion or misconception. These elements may have entered, and probably did enter into the finding of other facts important to the issue, if not the issue itself. Such feelings would naturally lead to an unfair finding against appellant.

But if this were not so, still, under this evidence, we regard $6000 as grossly excessive, and the judgment should not be permitted to stand, and it is reversed and the cause remanded.

*Judgment reversed.*