# Sterling Hydraulic Co. v. Thomas A. Galt.

1. VERDICT—*Excessive, Not Cured by a Remittitur.*—A judgment based upon a verdict so-excessive as to induce the belief that it must have been brought about by prejudice or a total misconception of the facts (the entering of a remittitur leaving it still largely in the excess of any possible damages shown by the evidence), should not be permitted to stand.

2. DAMAGES—*Flooding Premises by Water.*—The measure of damages in cases of flooding the premises of another with water, is the depreciation in the market value of the premises arising from the injury thereto, to be determined by a comparison of the market value of the same before and after such injury as shown by the testimony.

3. ESTOPPEL—*To Claim Damages by Having Signed an Agreement.*— A person is not to be precluded from recovering damages in this case for an injury sustained by him through the raising and repairing of the dam, by the mere fact of his signing the agreement that the directors of said company should raise the dam to nine feet, and assess the expenses on the water company in proportion to the number of inches owned by them respectively.

Action on the Case, to recover for damages, for flooding premises by raising a dam. Trial in the Circuit Court of Whiteside County; the Hon. FRANK D. RAMSEY, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the December term, 1898. Reversed and remanded. Opinion filed April 11, 1899.

F. J. BOWMAN, J. W. WHITE and BENNETT & GREEN, attorneys for appellant.

The plaintiff should have made out his case by a preponderance of the evidence, which he has failed to do. The verdict and judgment thereon rests on the testimony of the plaintiff alone on the question of damages, the only question in issue. Peaslee v. Glass, 61 Ill. 95; Kenyon v. Hampton, 70 Ill. App. 81; Ill. Central R. R. Co. v. Alexander, 46 Ill. App. 505.

The measure of damages in cases of this kind, is the depreciation in the market value of the premises as shown by a comparison of such market value before, with that after the injury, of which complaint is made. Kankakee & S. R. Co. v. Horan, 131 Ill. 288; Dupuis v. Railway Co., 115 Ill. 99.

J. E. McPHERRAN, attorney for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was an action on the case brought by appellee against appellant to recover for damages alleged to have been sustained by him on account of the flooding of his premises, by the raising of a dam in the Rock River by appellant in 1895.

The declaration sets forth that the plaintiff was for twenty years or more, the owner of certain premises bounded on the north by the right of way of the Chicago & North-western Railway Company, and on the south by the Rock River, in Whiteside county, and fully described therein; that as such owner, the plaintiff therein was entitled to the stone in the bed of Rock River, in front of his said premises, from the north bank of the river to the middle thread of the current of the same; that defendant, a corporation, doing business as an hydraulic company upon said Rock River, at the city of Sterling, in said county, did in July, 1895, build and repair a certain dam across said river; that by reason of the reconstruction and repair of said dam, the lands of said plaintiff were so overflowed that it has become difficult if not impossible to quarry stone from the bed of said river in front of said premises, or to open and operate quarries for stone on the north bank of said river upon said premises; that in consequence of such wrongful acts of the defendant, plaintiff's property in the rock of said premises, has been rendered valueless, and that he has thereby sustained damages, etc. To this declaration the appellant pleaded the general issue. Upon the trial the jury returned a verdict for appellee, for the sum $3,945. Appellee entered a remittitur of $1,195 and judgment was entered against appellant by the court for the sum of $2,750; from which judgment an appeal was taken to this court.

One of the principal errors assigned is that the damages are excessive, and this we shall first consider. It appeared from the evidence that the premises in question consisted of a long, narrow strip of land, extending from the railroad

embankment on the north out into the stream on the south. There was stone upon the premises, which had been quarried to a greater or less extent, prior to the building of the dam in 1895. The weight of the evidence appears to be that the repairing and reconstruction of the dam raised the water to some extent along the premises of appellee, but there was a sharp conflict as to whether or not quarrying could have been profitably done on the premises before the building of the dam. Appellee testified that the fair cash market value of his land, prior to the repairing of the dam, was at least $10,000, and that thereafter it was not to exceed $2,000, thereby fixing his damages at $8,000. He was not corroborated, however, by any other witness, and, in fact, produced no witness but himself, upon the question of the amount of damages. On the contrary five witnesses, all of whom appear to have been well acquainted with the premises, and most of them men of considerable experience in business affairs, testified that the value of said premises was as great after the repairing of said dam as before. They valued the premises at from $50 to $500, and only one of them swore that it might possibly reach the latter figure, his opinion being that $150 to $200 would cover it. The verdict of the jury, which was for $3,940, was greatly in excess of the entire value of the premises prior to the repairing of the dam as testified to by these witnesses. The amount of damages found by the jury was clearly against the weight of the evidence, and we are aware of no reason why the jury should have accepted the uncorroborated testimony of the appellee alone, and wholly disregarded the testimony of the five witnesses sworn for appellant. The verdict was so excessive as to induce the belief that it must have been brought about by prejudice or a total misconception of the facts. It is true appellee entered a remittitur amounting to nearly one-third of the amount found for him, but the amount for which judgment was given, is still largely in excess of any possible damages, as shown by the evidence, and in such a case a judgment should not be permitted to stand. Loewenthal v. Strong, 90 Ill. 74.

The giving of the instructions on the part of the plaintiff

is assigned as error, and particular attention is directed to instruction No. 5. This instruction is as follows:

" The court instructs the jury that if they find from the evidence that plaintiff has rock in the bank of the river east of the " Q " bridge as far up as Broadway, and that the water caused by the raising defendant's dam in 1895, as claimed by plaintiff, does not overflow or cover such rock, yet, if the jury believe from the evidence that the raising of the dam has so injuriously affected the roadway, if any, along the margin of the stream upon plaintiff's lands, as to prevent plaintiff from getting to said rock to haul them out when quarried, without the construction of another or new road along said margin, then the cost of the construction of such other or new road is an element of damage which you have a right to consider, unless you shall find from the evidence that the cost of constructing a new road would exceed the value of the rock in the bank, and if you shall so find from the evidence, then you should exclude the cost of the construction of a new road and take into account or consideration the value of the stone in the bank, if you shall find from the evidence that building stone can be quarried in said bank with profit."

We understand the true rule as to the measure of damages in cases of this kind to be the depreciation in the market value of the premises, arising from the injury thereto, and that such depreciation is to be determined by a comparison of the market value of the same before, and after such injury, as shown by the testimony. K. & S. R. R. Co. v. Horan, 131 Ill. 288, and cases there cited. The instruction in question does not lay down the correct rule of law in regard to the measure of damages, as shown by the above authorities. It calls the attention of the jury from the true measure of damages to another rule which could not fail to confuse them, even though the true rule were elsewhere fully stated. Where the evidence is conflicting it is important that the jury receive accurate instructions as to the law governing the case. The question of damages was vital in this case and all instructions in reference to that subject should have been carefully guarded.

Upon the trial appellant offered in evidence an instrument in writing, known as Exhibit 1, which was as follows:

" The undersigned water owners of the Sterling Hydraulic Company works, hereby mutually agree that the directors of said company shall raise the dam to nine feet and assess the expense on said water company in proportion to the number of inches owned by them respectively. Said raise to be made in 1892, if practicable, in the judgment of said directors."

This instrument was signed for the Keystone Manufacturing Company and Eureka Company, by Thomas A. Galt, the appellee, as president of the former and owner of the latter, and by other companies as well as individuals interested. Appellant offered to prove that the repairs to the dam complained of were made in pursuance of the agreement contained in the above instrument. The exhibit was, however, objected to by counsel for appellee, and the objection having been sustained, this action of the court is also assigned as error. As this case is to be submitted to another jury we deem it best to pass upon this question at this time.

We are of opinion that appellee would not, by the mere fact of his signing the agreement for the corporations he was connected with, be precluded from recovering damages for any injury sustained by him through the raising and repairing of the dam. One of the legitimate expenses connected with such improvement, would be the payment of all damages occasioned thereby to riparian owners. The corporations with which appellee was connected would have to pay their proportion of these expenses, thereby causing him to pay his share, and there is no reason why he should suffer the whole loss, if any should occur, himself. This exhibit was properly excluded by the court, but for the errors above mentioned, the judgment will be reversed and the cause remanded for another trial. Reversed and remanded.