## William B. Close et al. v. Thomas Hinsley.

1. VERDICTS—*Result·of Passion, Prejudice or Partiality.*—A verdict which is the result of passion, prejudice, partiality, or other improper motive, and can not serve as the basis of any judgment, should be set aside and a new trial ordered.

2. REMITTITUR—*From Verdicts Reached Through Passion or Prejudice Not Allowed.*—No verdict should be allowed to stand where it is apparent from the record that it could have been reached only through passion, prejudice, partiality or misconception of the evidence, and a remittitur from such a verdict would necessitate the court substituting its finding and judgment, upon evidence which has been ignored by the jury, for the verdict of the jury. clearly based upon evidence involving another and wholly different issue.

3. SAME—*Where Jury Has Obviously Mistaken the Law.*—The practice of allowing a remittitur ought not to be carried so far as to allow the court, when a jury has obviously mistaken the law or the evidence, and rendered a verdict which ought not to stand, to substitute its own judgment for theirs, and after determining, upon the evidence, what amount ought to be allowed, permit the plaintiff to remit the excess, and then refuse a new trial.

Assumpsit, for commissions.—Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge presiding. Heard in this court at the October term, 1901. Reversed and remanded. Opinion filed October 27, 1902.

F. C. ELLIOTT and D. J. SCHUYLER, attorneys for appellants.

MILTON BROWN, H. W. GLEASON and ORPHEUS A. HARDING, attorneys for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

This action was brought by the appellee to recover for his commissions and services to appellants, under and by virtue of a contract between appellants under the name of Close Bros. & Co., and appellee, dated December 10, 1888, for the sale of certain lands in Southwestern Kansas, along the line of the Santa Fe Railway Co., by the terms of which appellee was authorized, among other things not pertinent here, to negotiate sales and forward applications and receive binding money, but not to execute contracts or conveyances;

also that appellee should use all reasonable diligence in finding purchasers and making sales, and to act for the best interests of appellants, for which appellants agreed to pay him as compensation as follows :

"(1)  On sales made to purchasers found by him and effected by, through or under his personal efforts without assistance from other parties, or from C., B. & Co., twenty-five cents an acre;

(2)  On sales of lands sold by C., B. & Co., or by their other agents through the assistance of Hinsley, ten cents an acre;

(3)  On all sales made by C., B. & Co., or their agents resident along the line of the railway in southwestern Kansas without the assistance of second party, but under his advice, five cents an acre; the agreement to go in effect January 1, 1889; may be terminated by either party on giving one month's notice in writing; Hinsley not to be entitled to any commissions on sales consummated after the expiration of one month from the giving of such notice."

The declaration consists of eleven counts, five additional counts and the common counts, to which was pleaded the general issue.

The special counts are based on the different provisions of the contract, and also declare for work, labor and services generally, by plaintiff for defendants, as their agent.

On the trial the jury rendered a verdict in favor of appellee for $31,632.58, but the court, on motion for a new trial, required a remittitur of $18,967.54 by the appellee, stating that the court would set aside the verdict and grant a new trial unless such remittitur should be made. Whereupon appellee remitted the amount stated, and the court overruled the motion for a new trial and entered judgment for $12,665.04, from which this appeal is prosecuted.

The evidence is voluminous, to state or discuss which would unduly extend this opinion. It is conflicting upon the point as to whether the sale of lands, viz., 96,099 acres in the State of Kansas, claimed to have been made by appellee, was made by appellants or their other agents, through the assistance of appellee. From a careful reading of this evidence we are not prepared to hold that a verdict in favor

Close v. Hinsley.

of appellants upon this point would be so clearly and mani-
festly against the evidence that it should not be allowed to
stand.

The clear and overwhelming preponderance of the evi-
dence as to the first provision of the contract, viz., as to
sales made to purchasers found by appellee, and effected by,
through or under his personal efforts, without assistance
from other parties or from appellants, is against the appel-
lee's claim in this regard. The amount of the verdict, of
itself, clearly shows—in fact it is conceded in substance by
appellee's counsel, that it is based upon the first provision
of the contract, and that provision alone can account for
the amount awarded. The remittitur required by the court
shows clearly, from its amount, the view entertained by the
learned trial judge, viz., that the evidence did not justify
the finding of the jury, and that the jury misconceived, to
say the least, the evidence. The judgment as entered after
the remittitur shows, by its amount, considered with refer-
ence to the evidence, that it is based upon the second pro-
vision of the contract above referred to, which it is clear
from the whole record the jury ignored in arriving at their
verdict. It follows that the judgment entered is in no wise
based upon the verdict of the jury, but is the finding and
judgment of the court upon an issue which the jury must
have found against the appellee and in favor of appellants.

Plaintiff's counsel contend that the verdict includes every
element necessary to sustain the judgment, but we are of
opinion that the position is untenable. As has been stated,
the jury assessed the damages under the first provision of
the contract, viz., at twenty-five cents per acre, which, in
view of the contract, involves a finding that the appellee
himself made the sale without assistance. The reduction
of damages so as to bring the recovery within the second
provision of the contract, viz., to ten cents per acre and in-
terest, by direction of the court, involves a finding of fact
that the appellants, or some agent of theirs other than the
appellee, made the sale with plaintiff's assistance. A find-
ing that A, without assistance, made a sale, clearly does

not include, but on the contrary excludes, a finding that B made it with A's assistance. Assuming that the jury, in good faith, found that appellee made the sale without assistance, then they misconceived the evidence; but if they did not so find in good faith, as we are clearly of the opinion they could not, then their verdict was the result of passion, prejudice, partiality, or other improper motive, and can not serve as the basis of any judgment. It should have been set aside and a new trial awarded. Lockwood v. Onion, 56 Ill. 506–11; Loewenthal v. Streng, 90 Ill. 74–6; Ry. Co. v. Johnson, 69 Ill. App. 147–56; R. R. Co. v. Cleminger, 77 Ill. App. 186, affirmed Supreme Court, 178 Ill. 536; R. R. Co. v. Binkopski, 72 Ill. App. 31; Sterling H. Co. v. Galt, 81 Ill. App. 600; Nudd v. Wells, 11 Wis. 407; Unfried v. R. R., 12 S. E. Rep. 512–19 (W. Va.); Ry. Co. v. Wilkes, 68 Texas, 617–21; 16th Am. & Eng. Ency. Law, 593; Koeltz v. Bleckman, 46 Mo. 320; Doty v. Steinberg, 25 Mo. App. 328–35; R. R. Co. v. Dwelle, 24 Pacific Rep. 500–6 (Kas.).

It is true, as contended by appellee's counsel, that the practice of allowing remittiturs from verdicts is one of long standing in this state, and has been approved by numerous decisions of this court and by the Supreme Court; but in all cases where there has been an approval of the practice and the matter has been discussed in the reviewing courts, no verdict has been allowed to stand where it was apparent from the record that it could have been reached only through passion, prejudice, partiality or misconception of the evidence. No case is cited, nor have we in the time at our disposal been able to discover a case, where, as here, a remittitur has been approved when the verdict of the jury was based upon an entirely different issue from that upon which the judgment of the court was based in requiring the remittitur. It is not proper for the court to substitute its finding and judgment, upon evidence which has been ignored by the jury, for the verdict of the jury, clearly based upon evidence involving another and wholly different issue.

In the Loewenthal case, *supra*, the Supreme Court say, speaking of the verdict of a jury :

Close v. Hinsley.

"When it is so flagrantly excessive as to be only accounted for on the ground of prejudice, passion or misconception, the remittitur does not remove the prejudice, passion or misconception."

The Wisconsin court in the Nudd case, *supra*, in speaking of the practice of allowing a remittitur, say :

. "It ought not to be carried so far as to allow the court, when a jury has obviously mistaken the law or the evidence, and rendered a verdict which ought not to stand, to substitute its own judgment for theirs, and after determining upon the evidence what amount ought to be allowed, allow the plaintiff to remit the excess, and then refuse a new trial."

In the Koeltz case, *supra*, it was held that if a jury return a verdict in an action of assumpsit which is so grossly excessive and illegal as to indicate that the defendant's side of the case has not been considered by the jury, a remittitur will not cure the error, but there must be a new trial.

Most of the cases cited and very many of the cases in which this question is considered, are actions sounding in damages purely, but we see no reason why the rule above announced in the Loewenthal case should not be here applied. The fatal objection to this judgment is, in our opinion, that it is the conclusion of the court upon conflicting evidence on a point in no way included in the verdict of the jury. It deprives appellants of their right to a jury trial, which they have in no way waived.

It is claimed that there were numerous errors in the giving and refusal of instructions, but after a careful consideration of all the court's rulings on instructions, we are of opinion that there is no reversible error in the respects claimed. To state the numerous instructions and discuss them in detail would unnecessarily extend this opinion. The sixth instruction given for appellee, in its last clause is erroneous, in that it states in substance that the appellee claims to recover for money which he " alleges is due him on a sale or exchange of lands made by defendants under plaintiff's advice." There is no evidence that there was any exchange of lands, but we can not see how this could have misled the jury.

We can not agree with the contention of appellants' counsel, that the court erred in not instructing the jury to find the issues for the appellants. There is evidence in the record tending to show a right of recovery in favor of appellee under the second provision of the contract referred to, as well as for services generally, as their agent, in bringing about a transfer of the lands in question from the owners to the Amity Company, the details of which appear in the record. We are of opinion that the agreement between the owners of the land in question and the Amity Company shows that there was a sale of the lands to that company, the purchase price or consideration therefor being $600,000 in bonds and forty-nine per cent of the stock of the company. These bonds are called by the agreement "purchase money bonds," and are secured by trust deed on the lands, as well as upon all the property of the Amity Company, and are stated by the agreement to be taken, together with said stock, "in payment" for said lands.

Other points made by counsel need not be considered. The judgment is reversed and the cause remanded.

Mr. Justice BALL took no part in this decision.