## Sanitary District of Chicago v. John Herbert.

1. Damages—*Measure of, for Permanent Injury to Land.*—The measure of damages for the permanent injury to land by flooding is the difference in the fair cash market value of the tract before the water which flooded the land was turned on, and value after that time so far as the same was affected by the acts of the defendant complained of.

2. Attorney's Fees—*Allowable Under Section 19 of the Law of 1899 Creating Sanitary Districts.*—Where the notice given to a sanitary district, of damages to land, is broad enough to cover a suit for permanent damages to the whole tract, it is immaterial that the original

*declaration was only for temporary damages, as the notice was sufficient as a basis of claim for attorney's fees under amended counts for permanent injuries.*

Trespass on the Case, for damages to land by flooding. Appeal from the Circuit Court of Will County; the Hon. DORRANCE DIBELL, Judge presiding. Heard in this court at the April term, 1903. Affirmed. Opinion filed June 8, 1903.

JAMES TODD, P. C. HALEY and E. MEERS, attorneys for appellant.

J. W. DOWNEY, attorney for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This was a suit by appellee to recover damages for injuries resulting from the overflowing of his real estate, alleged to have been caused by the wrongful action of appellant in increasing the flow of water in the Desplaines river.

Appellee's land, consisting of 107 acres, is located on both sides of Jackson creek near where that creek flows into the Desplaines river. It is claimed by appellee that appellant, by turning the water of the Chicago drainage canal into said river, caused the latter to back up Jackson creek and thus overflow a portion of his land. On May 10, 1901, a written notice was served on one of the trustees of the sanitary district by appellee, claiming damages to the amount of $470 for the flooding of a portion of his said land. By his original declaration, filed August 1, 1901, appellee stated that by reason of the said action of appellant, he had been deprived of the use of twenty acres of his land and of the use of a spring located on the same for all beneficial purposes, and also of access to that portion of his land lying north of Jackson creek. Afterward appellee filed additional counts to his declaration, charging that he had also suffered damages on account of the depreciation in value of that portion of said land not actually flooded, and that the injuries to his land were permanent. There was a verdict in favor of plaintiff below for $650 and a motion for a new trial having been overruled, judgment was

entered for that amount and costs. The court also allowed plaintiff $345 for his attorney's fees and directed the same to be taxed as costs.

The defendant below appeals, the grounds urged by it for a reversal of the judgment being, first, "that the plaintiff was not entitled to recover the amount of damages awarded by the jury;" and second, "that under the declaration and notice served on the sanitary district before the commencement of the suit, he was not entitled to the attorney's fees allowed by the Circuit Court."

The suit being for permanent damages to the entire tract of 107 acres owned by appellee, the measure of damages was the difference in the fair cash market value of the tract before January 17, 1900, when the water was turned into the river from the drainage channel, and after that time, so far as the same was affected by the acts of the appellant complained of. A number of witnesses testified on the subject of damages, the examination being conducted under the rule above mentioned as to the measure of damages. The question of the amount of damages was one of fact for the jury, and under the proofs in this case, where, in the opinion of witnesses who appeared to be familiar with the premises, the damages ranged from $107 to $3,210, we can not say that the verdict for the sum of $650 was excessive.

Appellant insists that appellee's notice, stating that he claimed damage to the amount of $470 by reason of the flooding of a portion of his land, was a demand for temporary damages, and not for permanent injuries; that consequently he is not entitled to recover attorney's fees under the statute, as the damages claimed in the notice were different from the damages claimed on the trial.

The claim for attorney's fees was based on section 19 of the law of 1889, entitled, "An act to create sanitary districts and to remove obstructions in the Desplaines and Illinois rivers." That section provides, every sanitary district organized under such act, shall be liable for all damages caused by it by the overflow of real estate within or

without the district and for the bringing of suits to recover the same, and also contains the following language :

" And in case judgment is rendered against such district for damages, the plaintiff shall also recover his reasonable attorney's fees, to be taxed as costs of suit :    Provided, however, it shall appear on the trial that the plaintiff notified the trustees of such district, in writing, at least sixty days before suit was commenced, by leaving a copy of such notice with some one of the trustees of such district stating that he claims damages to the amount of ——— dollars, by reason of (here insert the cause of damage) and intends to sue for the same; and, provided further, that the amount recovered shall be larger than the amount offered by said trustees (if anything) as a compromise for · damages sustained."

The notice referred to as given by appellee is as follows :

" To the trustees of the Sanitary District of Chicago : Please take notice that I claim damages to the amount of four hundred and seventy dollars, by reason of flooding a portion of my land along Jackson creek, caused by the rise in the Desplaines river on account of the water coming into it through the controlling works at Lockport, Illinois; my said land being described as follows :    The west one hundred and seven (107) acres of the southeast quarter of section fifteen (15) in township thirty-four (34) north, and of range nine (9) east of the third principal meridian, excepting and reserving a strip of land two (2) rods wide off from and across the east side of said premises; said described premises are situated in Will county, Illinois; and that I intend to sue for said damages.

Dated this 9th day of May, A. D. 1901.

JOHN HERBERT."

It is to be observed that the notice does not confine the damages claimed to any particular length of time but is general in its terms, and describes the entire 107-acre tract. We are of opinion that the terms of the notice were clearly broad enough to cover a suit for permanent damages to the whole tract.    It was therefore immaterial that the original declaration was only for temporary damages, as the notice was sufficient as a basis of claim for attorney's fees under the amended counts.    The notice was served in ample time and the record fails to show that the trustees ever

made any offer to compromise the claim. The court was therefore authorized to fix the attorney's fees, to be taxed as costs. Appellant also makes the objection that no claim was made for attorney's fees in the declaration. We do not think the objection well founded. The attorney's fees are to be taxed, under the statute, as costs of suit; and there is no more reason for declaring for such costs, than there would be for witness fees or other costs.

We are therefore of opinion the judgment of the court below was right and it is accordingly affirmed.

Mr. Justice DIBELL, having heard this case in the court below; took no part in its consideration here.