## Sanitary District of Chicago v. Esther Jane Pearce.

1. EVIDENCE—*Consideration in Deed Prima Facie Evidence of Price Paid for Land.*—In an action brought to recover for damages caused to land by an overflow of water, a warranty deed of the land executed shortly before the damage was inflicted, is admissible as *prima facie* proof that the grantor received the price named therein for the land at the time of the conveyance.

2. SAME—*Certified Copy of Record of Another Suit Pending in Another Court Properly Excluded.*—A certified copy of the records of the Supreme Court of the United States in another case still pending in that court is properly excluded.

3. DAMAGES—*Measure of, Where Land is Overflowed by Water.*—The measure of damages where land is overflowed by water is the difference between the fair cash market value of the land before and after the overflowing occurred.

4. APPELLATE COURT PRACTICE—*Points Not Argued Are Waived.*— Points urged as error but not argued in this court are considered as waived.

Trespass on the Case, for damages to land by overflowing water. Appeal from the Circuit Court of Will County; the Hon. ROBERT W.

Sanitary District of Chicago v. Pearce.

Hilscher, Judge presiding. Heard in this court at the April term, 1903. Reversed and remanded. Opinion filed October 8, 1903.

James Todd and E. Meers, attorneys for appellant.

Charles A. Munroe, attorney for appellee.

Mr. Presiding Justice Higbee delivered the opinion of the court.

This was a suit by appellee to recover for permanent injuries to her land, alleged to have been caused by the overflowing of the same by water turned into the Desplaines river, by appellant, from the Chicago drainage channel. The tract is located on said river and contains about twenty-four acres, some fourteen acres of which are alleged to have been destroyed for all beneficial purpose by the wrongful acts of appellant.

There was a verdict for plaintiff below for $3,200, and, a motion for a new trial having been overruled, judgment was entered for that amount. Defendant below appeals.

This suit was commenced January 22, 1901, and the trial was had at the January term, 1903, of the Circuit Court of Will County. Upon the trial appellant offered in evidence a warranty deed, dated July 15, 1902, of appellee, Esther J. Pearce, and her husband, conveying the land in question to Robert Gaylord for an expressed consideration of $4,307.80. Appellee objected and appellant was asked by the court to state the object of offering the deed, which he did, giving as one reason that it showed the price. The court thereupon sustained the objection and appellant insists that in so doing an error was committed. We are of opinion the deed should have been admitted. It is an instrument executed by the plaintiff in the suit, and is *prima facie* proof that she received the price named therein, for the land, at the time of the conveyance. Howell v. Moores, 127 Ill. 67. The waters of the drainage channel were turned into the river January 17, 1900, and the price named in the deed therefore tends to prove the value of the land after the injury was inflicted. No doubt the recital of the consider-

ation is only *prima facie* and could be rebutted or overcome if not true, but appellant was entitled to such benefit as the admission of the deed may have given it.    The measure of damages was the difference in the fair cash market value of the land before and after the waters of the drainage channel were turned into the river so far as the same was affected by the actions of appellant complained of, and the deed if admitted would have strongly tended to show that appellee was injured much less than the sum awarded by the jury.    In fact a consideration of all the evidence admitted, leaving out the deed, inclines us to the belief that the verdict was very high for the damages proven, therefore the exclusion of the deed must have materially injured the cause of the appellant.

Appellant contends that the court also erred in refusing to admit in evidence the certified copy of the records of the Supreme Court of the United States in the case of the State of Missouri v. The State of Illinois and the Sanitary District of Chicago.    We are of opinion that this record was properly excluded, and our reasons therefor are set forth in the case of The Sanitary District of Chicago v. Joliet Pioneer Stone Company, in which we file an opinion this day, and where the same question arose.

Appellant also insists that the court should not have sustained an objection made by appellee, to the admission in evidence of the permit of the Secretary of War of the United States, to admit the waters of the Chicago river into the Sanitary District channel.    While appellant claims the ruling was erroneous, he does not argue the question or present any reason why the permit should have been admitted.    The question is therefore waived.    Pennsylvania Co. v. Bond, 202 Ill. 95; Harding v. The People, 202 Ill. 122.

We also hold that the two instructions given for appellee were properly given and that the court did not err in refusing the last instruction offered by appellant, as the same was confusing and sufficiently covered by other instructions given.

For the error in refusing to admit the deed above referred

to, however, the judgment must be reversed and the cause remanded.

Upon a petition for a rehearing the following additional opinion was filed.

OPINION PER CURIAM.

A petition for a rehearing having been presented and considered, we take this opportunity to give further expression to our views, notwithstanding said petition has this day been withdrawn by appellee.

The cases cited by appellee in said petition are where proof was offered of sales of other lands claimed to be similarly situated to that involved in the litigation. We consider those cases not applicable here, for the reason that this is a deed of the very property in litigation, made after the injury had been inflicted, and executed by the plaintiff herself. It contains an admission over her signature that after this injury was inflicted she sold the land for a much larger sum than her witnesses testified it was then worth. Where the deed is by the plaintiff herself, conveying the land whose value is the subject of the inquiry, we are of opinion that the opposite party offering it against plaintiff, is not bound to first show it was a *bona fide* sale without compulsion on either party. As against the grantor in the deed, the transaction is presumably what it appears to be upon the face of the instrument. If facts exist by reason of which the consideration named in the deed exceeded the real value of the land at that time, those facts are peculiarly within the knowledge of the plaintiff, the grantor therein, and not likely to be known to the defendant, a stranger to that transaction. On rebuttal, plaintiff would have been entitled to show any facts which would tend to weaken or explain away the *prima facie* force of the deed as proof of what these premises were worth after the land had been overflowed. Springer v. City of Chicago, 135 Ill. 552.