**Margaret J. Miekley, Appellee, v. General Roofing Manufacturing Company, Appellant.**

1. DAMAGES—*permanent injury to realty.* Where damages are sought for the permanent injury to realty caused by flooding, the measure thereof is the difference in the fair market value of the premises before and after the injury, and evidence not bearing on that question is incompetent.

2. DAMAGES—*what evidence improper in action for damages to realty.* Whether an action for damages to realty by flooding is for temporary damages or for the permanent injury, it is error to admit evidence of the inconvenience suffered by plaintiff's tenants as bearing on the measure of damages.

Appeal from the City Court of East St. Louis; the Hon. W. M. VANDEVENTER, Judge, presiding. Heard in this court at the October term, 1912. Reversed and remanded. Opinion filed March 10, 1913.

CARTER, COLLINS, JONES & BARKER and WHITNEL, BROWNING & GILLESPIE, for appellant.

M. V. JOYCE and A. B. GARRETT, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellee brought this suit against appellant to recover damages to real estate owned by her, relying upon the following facts as shown by the proofs: She is the owner of two lots in East St. Louis, Illinois, on which is a two-story brick building, divided into four living apartments. The building had a frontage of 50 feet on Broadway, lying north of it, and ran back 126 feet to an alley covering both of the lots. The property was located in the block between Seventeenth and Eighteenth streets and between it and Seventeenth street on the west, there was one lot and it was vacant. Across the alley on the south and extending from Seventeenth to Eighteenth street, was appellant's plant, where it manufactured roofing and building papers. About midway along the alley, appellant had constructed a catch basin for the purpose of catching water from a trough and an exhaust pipe coming from the plant. This catch basin is connected with a sewer built by appellant, and extending from it to a man hole at the corner of the alley and Seventeenth street, from whence another sewer runs to Broadway to another manhole. There is also another ditch which runs diagonally across the vacant lot west of appellee's property from near the catch basin to the last named manhole.

Appellant uses large quantities of water in its manufacturing processes and when the plant was in operation, a million to a million and a half gallons of water

were discharged every twenty-four hours into the sewer at the catch basin. It was claimed by appellee that the sewer and open ditch above referred to, were unable to carry off this water and that the same over- flowed the vacant grounds adjacent to her premises, flooded the cellar and basement underneath her flat building and overflowed the alley in the rear of her premises to a depth of two feet; that by reason thereof the woodwork and floors of said building have become rotted and decayed and the building otherwise dam- aged; that on account of said flooding, appellee can- not obtain tenants to occupy the building and has lost rents which she might otherwise have obtained for the same, to the amount of $500 a year for the space of five years; also that she has thereby been deprived of her ability to sell said premises and the value of the same has been destroyed.

The jury returned a verdict in favor of appellee of $1,200, and the court entered a judgment for that amount. It is rather difficult to ascertain from the declaration, whether plaintiff was suing for temporary damages occasioned by loss of rent, or for the per- manent injury to the freehold, but as the damages claimed in the declaration, were $8,000, we assume that her suit was intended to cover permanent damages. Upon the trial, appellee was permitted, over objection of counsel for appellant, to introduce testimony as to the amount of rent she had been deprived of, by rea- son of the flooding of her premises and her consequent loss of income from that source. Also that her tenants were at times deprived of the use of their back yards and sheds and that they could not keep any coal in their cellars and suffered other inconveniences and annoy- ances. She was also permitted to show how much the property had depreciated in value by reason of such injury.

In pursuance of the theory which admitted this evi- dence the court gave instruction No. 1 for plaintiff, which was as follows: "The court instructs the jury,

that if you believe from the preponderance of the evidence in this case, that the defendant discharged or caused to be discharged from its plant or premises, large quantities of water in such manner that the same flooded the plaintiff's said premises, and if you further believe from the evidence that the plaintiff was injured in her possession and in the use and enjoyment of her said premises and that she was injured in her income, derived from her said property, and that the sale value of said property has depreciated by reason of the flooding of said premises, then in such case your verdict should be for the plaintiff.'' The theory adopted by the court in admitting the above evidence and in giving the said instruction, appears to contemplate the right of appellee to recover both for her loss of rents and other temporary injuries and also for permanent injury to the property. If we treat the declaration as intended to present a case for permanent damages, then the measure of damages was the difference in the fair market value of the premises before and after the injury to the same, and evidence not bearing upon that question would be incompetent. Kankakee & S. R. Co. v. Horan, 131 Ill. 288; Sanitary Dist. of Chicago v. Herbert, 108 Ill. App. 532; Same v. Pearce, 110 Ill. App. 592; Sterling Hydraulic Co. v. Galt, 81 Ill. App. 600.

In any event it was error to admit evidence of the inconvenience suffered by appellee's tenants as bearing upon the question of the amount of damages appellee was entitled to recover. In City of Dixon v. Baker, 65 Ill. 518, which was an action against the city to recover damages for flowing surface water, upon a lot by raising the grade of a street and sidewalk, it was said, ''The plaintiff had no right to recover damages for inconvenience to his tenants, or injury to other personal property. He could only recover for injury to the building or premises, or loss sustained by him in consequence of the flowage of the water. The

damages caused by loss or inconvenience to others, appertains wholly to them.''

For the errors in the trial of this case above indicated, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*