The West Chicago Railroad Company

v.

Juergen Bode.

*Filed at Ottawa June 19, 1894.*

1. Amount of damages—*a question of fact.* The amount of damages sustained by the plaintiff in an action at law is a question of fact, which is not open for consideration in this court.

2. Former decisions—*excessive damages.* The ruling of this court in *Illinois Central Railroad Co.* v. *Welch,* 52 Ill. 183, and *Chicago and Northwestern Railway Co.* v. *Jackson,* 55 id. 492, holding that this court might pass upon the fact whether the damages awarded are excessive, was made before the passage of the statute making the finding of facts by the Appellate Court conclusive upon this court.

Appeal from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. F. Dunne, Judge, presiding.

Mr. William B. Keep, for the appellant.

Mr. John C. Richberg, for the appellee.

Mr. Justice Magruder delivered the opinion of the Court:

This is an action on the case, brought by the appellee against the appellant company to recover damages for personal injuries, sustained by the appellee in a collision between two of appellant's trains in the Washington Street tunnel, in the city of Chicago, on the twentieth day of May, A. D. 1891, while appellee was a passenger upon one of said trains. The jury returned a verdict for $12,500.00. Motion for new trial was overruled, and judgment was rendered upon the verdict. The judgment having been affirmed by the Appellate Court, the present appeal is prosecuted from such judgment of affirmance.

It is not claimed, that any error was committed by the trial court in the admission or exclusion of evidence, or in the giving or refusal of instructions.   There is no controversy as to the liability of the appellant for the damages sustained by appellee; but a reversal of the judgment is asked solely upon tho ground, that the damages as assessed by the jury are excessive.   We have repeatedly held, that the question as to the amount of the damages is one which we cannot enquire into. (*Pullman Palace Car Co.* v. *Bluhm,* 109 Ill. 20; *Beeler* v. *Webb,* 113 id. 436; *C. & E. R. R. Co.* v. *Holland,* 122 id. 461; *City of Joliet* v. *Weston,* 123 id. 641; *Stumer* v. *Pitchman,* 124 id. 250; *J., A. & N. Ry. Co.* v. *Velie,* 140 id. 59).   The amount of the damages sustained by the plaintiff in an action at law is a question of fact, which is not open for consideration in this court, under the statute. (*City of Joliet* v. *Weston, supra*).

Counsel for appellant calls our attention to the cases of *Ill. Cen. R. R. Co.* v. *Welch,* 52 Ill. 183, and *C. & N. W. R. R. Co.* v. *Jackson,* 55 id. 492, where judgments were reversed by this court, because the verdicts, upon which they were based, had awarded excessive damages.   Those cases were decided before the statute made the finding of facts by the Appellate Court conclusive upon this Court, and, therefore, have no application here. (2 Starr & Cur. Ann. Stat. page 1851, and cases there referred to under section 89 of the Practice Act).

We are asked by counsel for appellee to require the appellant to pay, in addition to the costs, ten per cent. upon the amount of the judgment as damages, upon the alleged ground that the present appeal has been prosecuted for delay.   We are not so clearly of opinion, that the prosecution of the appeal has been for the purpose of delay, as to feel justified in awarding ten per cent. damages.   No order will be entered requiring the payment of the same.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*