THE CHICAGO, MILWAUKEE AND ST. PAUL RAILWAY CO.

*v.*

PATRICK WALSH.

*Filed at Ottawa October 11, 1895.*

1. TRIAL—*what proof is sufficient to go to a jury.* It is not proper to take a case from the jury if there is evidence tending to establish the cause of action.

2. RAILROADS—*duty to give warning of approaching train at crossing.* A railroad company backing a train across a public street in the dark should give warning to travelers thereon, especially where another train is passing over the same crossing upon another track, at the same time and in the same direction.

3. Same—*what is a "conspicuous light," within the meaning of the ordinance of Chicago.* An ordinary lantern in the hand of a brakeman on the top of a car does not meet the requirement of an ordinance of Chicago requiring every train backing in the night time to have a "conspicuous light" on the rear car, so as to show in what direction the car is moving.

4. Appeals and errors—*measure of damages in action at law not open in Supreme Court.* The amount of damages sustained by plaintiff in an action at law is a question of fact, which is not open for consideration in the Supreme Court.

5. Same—*the Appellate Court may allow a remittitur.* The Appellate Court may allow a *remittitur* of damages recovered, and enter judgment for the remainder.*

*C., M. & St. P. Ry. Co.* v. *Walsh,* 57 Ill. App. 448, affirmed.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. Richard W. Clifford, Judge, presiding.

Edwin Walker, for appellant:

To entitle the plaintiff to go to the jury on the issues made by the pleadings it was necessary for him to offer evidence sufficient to support a verdict. Failing to do this, it was the duty of the court below to direct the jury to return a verdict for the defendant. *Pleasants* v. *Fant,* 22 Wall. 120; *Randall* v. *Railroad Co.* 109 U. S. 478; *Simmons* v. *Railway Co.* 110 Ill. 340; *Martin* v. *Chambers,* 84 id. 579; *Phillips* v. *Dickerson,* 85 id. 11; *Railroad Co.* v. *Adler,* 129 id. 335; *Calumet Iron and Steel Co.* v. *Martin,* 115 id. 373; *Railway Co.* v. *O'Connor,* 115 id. 23; *Bartlett* v. *Bunker,* 119 id. 259; *Railway Co.* v. *Jackson,* 3 App. Cas. 193; *Skellinger* v. *Railway Co.* 61 Iowa, 714; *Reed* v. *Inhabitants of Deerfield,* 8 Allen, 524; *Huschle* v. *Morris,* 31 Ill. App. 545; *Edwards* v. *Hushing,* id. 213; *Fraser* v. *Howe,* 106 Ill. 573.

The fact that no flagman had been stationed at the crossing was not of itself negligence, and is competent

---

*The conflicting authorities on the power of appellate courts to permit a *remittitur* of damages are found in a note to *Burdict* v. *Missouri Pacific Railroad Co.* (Mo.) 26 L. R. A. 384.

evidence only in connection with evidence of the amount of travel on the street, and that the view of the crossing was obstructed. *Railway Co.* v. *Lane,* 130 Ill. 116.

The plaintiff did not introduce any evidence tending to prove ordinary care on his part,—in other words, he did not make a *prima facie* case of due care entitling him to go to the jury on that question, which he was required to do. *Railway Co.* v. *Louis,* 138 Ill. 9; *Woodward* v. *Railway Co.* 106 N. Y. 369; *Delany* v. *Railway Co.* 33 Wis. 67.

The following authorities are conclusive that exemplary damages could not possibly be allowed in the case at bar: *Peoria Bridge Ass.* v. *Loomis,* 20 Ill. 235; *Railroad Co.* v. *Hammer,* 72 id. 347; *Chicago* v. *Martin,* 79 id. 241.

The plaintiff was not entitled to damages for mental pain or suffering caused by the consciousness of his deformities or disfigurement consequent upon the injuries received. *Railroad Co.* v. *Hynes,* 45 Ill. App. 299; *Joch* v. *Dankwardt,* 85 Ill. 331; *Railroad Co.* v. *Stables,* 62 id. 313.

Walker, Judd & Hawley, for appellee.

Mr. Justice Magruder delivered the opinion of the court:

This is an action brought by the appellee against the appellant company to recover damages for a personal injury. Upon the trial in the circuit court the jury returned a verdict in favor of the plaintiff for the sum of $29,583.33⅓. Motion for new trial was overruled, and judgment was rendered for the amount of the verdict. In the Appellate Court, upon motion of appellee, a *remittitur* was entered for the sum of $13,583.33⅓, and judgment rendered for the remainder, towit: $16,000.00. From the judgment of the Appellate Court, as thus reduced by the *remittitur,* the present appeal is prosecuted.

It is not claimed that any error was committed by the trial court in the admission or exclusion of evidence. The plaintiff below asked for no instructions, and none

were given for him. The defendant asked for two instructions only, both of which were refused. The instructions so refused are as follows:

1. "The court instructs the jury, that upon the whole case the plaintiff is not entitled to recover, and your verdict should therefore be for the defendant.

2. "The court instructs the jury, that under all the testimony of the case the plaintiff is not entitled to recover, and your verdict should therefore be for the defendant."

We have held, that it is not proper to take a case away from the jury if there is evidence tending to establish the cause of action. (*Lake Shore and Michigan Southern Railway Co.* v. *Johnsen*, 135 Ill. 641). Here, there was such evidence, and, hence, there was no error in refusing to give the foregoing instructions.

The tracks of appellant, running from the north-west to the south-east, cross Chicago avenue, a street in the city of Chicago running east and west. Of the two main tracks, crossing the street at that point, the south track is used for incoming or east-bound trains, and the north track is used for out-going or west-bound trains. There is a side-track, north of the north main track, that connects with it about 650 feet west of the center of Chicago avenue. Appellant's railroad yards are a short distance south-east of Chicago avenue. Some time before six o'clock on the morning of December 20, 1890, a switching crew of the appellant had been ordered to take some cars from the yards, and place them on the north side of the yards to be loaded. In order to accomplish this, the cars were run out of the yards towards the north-west across Chicago avenue upon the south main track, then on to the north main track, and then back south-easterly on the north main track to a switch, thus passing on to a side-track. The train, which was thus returning to the north side of the yards, was backing across Chicago avenue, the engine being in the rear, and not in the front, as it moved.

About six o'clock, or a little before, on the same morning, it being then dark and the weather being misty and foggy, appellee, who was a plumber's helper and was then on his way from his home to his work, was crossing Chicago avenue at the point where it² is intersected by said tracks.   When he arrived at the crossing, he saw an incoming cattle train of twenty-four cars passing to the south-east on the southerly main track, and stopped until this train should cross the street.   He also saw what appeared to him to be some stationary freight cars standing to the north-west of him on the side-track.   Not supposing that the latter cars were moving, he stood facing to the south or south-east, waiting for the cattle train to pass.   While he was thus standing, the cars to the north-west, which proved to be the train that was backing across the street into the north side of the yards, struck him in the back, knocked him down and inflicted the injuries, which resulted in the amputation of one arm, and the loss of three fingers of the remaining hand and a part of the hand itself.   The appellee testified, that the cars, which appeared to him in the mist and dark to be standing on the side-track on the northerly side of the main tracks, had no visible light on them.

The declaration charges in different counts negligence in causing an engine with a train of freight cars to back across the public highway without ringing a bell; without having a flagman at the crossing to give notice of the approach of trains; and without having a proper light as a signal on the end of the train, or any person on the rear end thereof to give warning.

The declaration sets out, and the plaintiff introduced in evidence, section 1833 of the revised ordinances of the city of Chicago, which is in the following words:

"Every locomotive engine, railroad car or train of cars running in the night time on any railroad track in said city shall have and keep, while so running, a brilliant and conspicuous light on the forward end of said locomotive,

engine, car or train of cars.  If such engine or train be backing, it shall have a conspicuous light on the rear car or engine, so as to show in what direction said car is moving."

There was evidence tending to show that the appellant failed to comply with this ordinance.  Where a train is backing across a public street or highway in the dark, it should give warning of its approach to those traveling thereon; especially when another train is passing over the same crossing upon another track at the same time and in the same direction.  An ordinary lantern in the hand of a brakeman on the top of a car does not seem to meet the requirement of the ordinance.  A backing engine or train is required to have a "conspicuous" light on the engine or rear car, such a light as will show the direction in which the cars are moving.  That there was no such light upon the rear car of the backing train, which injured appellee, appears to be established by the evidence, and is manifest from the fact that appellee saw no such light, and that no one on the train saw him.

It is urged, that the damages are excessive.  The amount of damages sustained by the plaintiff in an action at law is a question of fact, which is not open for consideration in this court, under the statute.  (*West Chicago Railroad Co.* v. *Bode*, 150 Ill. 396, and cases there cited).

It is also claimed, that the affirmance of a judgment by the Appellate Court for the amount of the judgment, remaining after the entry of a *remittitur* by that court, is error.  We have recently held, that the Appellate Court is authorized to allow a *remittitur*, and that, in so doing and entering judgment for the remainder, there is no error.  (*North Chicago Street Railroad Co.* v. *Wrixon*, 150 Ill. 532).

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*