Chicago, Peoria & St. Louis Ry. Co. v. T. J. Condon.

1. ORDINARY CARE—*A Question for the Jury.*—Whether a party was in the exercise of ordinary care when injured is a question for the jury.

2. WORDS AND PHRASES—*What is a Conspicuous Light is a Question of Fact.*—Whether a light on a train of cars is a conspicuous light within the meaning of the phrase as used in a city ordinance is a question of fact for the jury.

Trespass on the Case.—Death by negligent act. Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge presiding. Heard in this court at the November term, 1902. Reversed and remanded. Opinion filed April 30, 1903.

BLUFORD WILSON and PHILIP BARTON WARREN, attorneys for appellant.

SHUTT & GRAHAM and HUGH J. GRAHAM, attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

This is an appeal from a judgment of $3,000 recovered by appellee against appellant in a suit charging appellant with negligently causing the death of Alexander Moore. The evidence in the record discloses the following state of facts: On September 19, 1901, Moore and a companion, named James Tabor, drove a team, attached to a buggy, from their homes in the country to Springfield. Arriving in the city about five o'clock, they left their horses at a feed stable and, as testified by Tabor, began "bumming around town." They visited a number of saloons and took a number of drinks before calling for their team at the feed stable shortly after eight o'clock. While there is some conflict in the testimony upon that point, we are satisfied from the evidence that both were under the influence of liquor at that time—the deceased more so than Tabor. They were provided with one or more bottles of liquor, and Moore, according to the testimony of the stable boy who assisted in hitching up the team, was helped into the buggy by Tabor. After driving rapidly around the city for a short time, they started north on Eleventh street. They approached the crossing of that street with Madison street at a speed of nine miles per hour. Appellant's railroad track extends east and west along Madison street. At the time, one of appellant's engines was backing a number of box-cars east on a track immediately south of it. Moore, on the west side, was reclining back in the seat, one arm around Tabor and the other under a storm robe. He does not seem to have been paying any attention whatever, to the trains or the surrounding dangers. Tabor first discovered the backing train when it was about fifteen feet from him. He then tried to rush the horses over ahead of it, but the first car caught the buggy. The horses tore loose, dragging Tabor after them, and he was unhurt. Moore was killed. Two of appellant's trainmen were on the east end of the

car, each with a lighted railroad lantern. They saw the team and signaled the engineer to stop, but it was too late to avoid the collision.

Appellee undertook to prove upon the trial two specific charges of negligence, viz.: that no bell was rung nor whistle sounded, nor warning of any kind given of the approach of the train; that there was no bright and conspicuous light kept on the rear end of the train as required by a city ordinance. Although Tabor swore that he heard no bell or whistle, it was clearly shown by four different trainmen that the bell on the engine was ringing continuously. It was clearly shown by the evidence that there were two lighted railroad lamps on the rear end of the car next to the crossing at the time it collided with the buggy. The men holding the lamps were able to see the team as it got upon the crossing. Tabor's opportunities to see the train and the moving lights in time to avoid the collision were superior to those of the trainmen to see the team. A careful consideration of all the surrounding facts and circumstances, as disclosed by a preponderance of the testimony, leads us to the conclusion that Tabor and Moore were not in the exercise of ordinary care when they drove upon the track. That was a question for the jury, however, and in view of the testimony of Tabor, we do not think the trial court erred in refusing to instruct the jury to return a verdict for the defendant.

The plaintiff's case being a doubtful one, accuracy of instructions was very important. Among the instructions given for the plaintiff was the following:

"The court instructs you that a railroad man's common lantern or lanterns in the hands of a person on the top of a moving box-car at the end of a backing train, farthest from the engine, is not a compliance with an ordinance which requires that a backing train shall have a conspicuous light at the rear of such train so as to show the direction in which the same is moving; and in this case, if you believe from a preponderance of the evidence, that the train in question was backing and that there was no conspicuous light on the rear end of such train so as to show the direc-

tion in which it was moving, then the absence of such light would be negligence on the part of the defendant."

The city ordinance on which the instruction was based provides that "every locomotive engine, car or train of cars running in the night time on any railroad track in the city shall have and keep a bright and conspicuous light at the forward end of such locomotive engine, car or train of cars. If such engine or train be backing, it shall have a conspicuous light at the rear of the engine or train, so as to show the direction in which the same is moving." Whether the two lighted lanterns in the hands of the trainmen on the end of the car next to the crossing constituted a "conspicuous light" so as to show the direction in which the train was moving, was a question of fact and not a question of law. Whether a certain light is a "conspicuous," a bright or dim light is in no sense a question of law. Clearly then, the first part of the instruction quoted invaded the province of the jury. It is contended by counsel for appellee that the instruction is supported by the following authorities: C. & N. W. Ry. Co. v. Trayes, 33 Ill. App. 307; C., M. & St. P. Ry. Co. v. Walsh, 57 Ill. App. 448; C., M. & St. P. Ry. Co. v. Walsh, 157 Ill. 672. In those cases the violation of a like ordinance was alleged as negligence and the ordinance introduced in evidence. It is contended that these cases establish as a rule of law that a railroad man's common lantern in the hands of a trainman on the top of a car at the end of a backing train farthest from the engine is not a compliance with an ordinance requiring a conspicuous light. The expressions to be found in the opinions delivered in those cases on which appellee relies, were merely expressive of the view of the court on a question of fact. In the published opinions of courts of last resort, in actions for negligence, may be found frequent comments and remarks expressive of the judgment of the court on questions of fact. Such an expression of opinion does not constitute a rule of law which a litigant has the right to have given to the jury as such. The Circuit Court, in charging a jury, is confined exclusively to

C., P. & St. L. Ry. Co. v. Condon.

questions of law, and it is not proper that expressions of opinion, to be found in the published volumes of our Supreme Court, that certain circumstances constitute negligence or want of negligence, should be given to a jury in an instruction. However sound such expressions of opinion may be, they apply solely to a question of fact, which under our law must, in the first place, be submitted to the unbiased opinion of the jury. Fairbury v. Rogers, 98 Ill. 554; C. & N. W. Ry. Co. v. Moranda, Adm'r, 108 Ill. 576.

Appellant has no just ground for complaint on the score of refused instructions. The principles contained in those given covered the case.

There was no error committed in ruling upon the admissibility of testimony.

We reverse the judgment because of the error contained in the above quoted instruction and remand the cause for another trial.