## GEORGE W. ALBIN

*v.*

## PHŒBE A. KINNEY.

*Filed at Springfield September 30, 1880.*

1. APPEAL *from an Appellate court—review of controverted facts.* In an action on the case against a physician for alleged mal-practice, the judgment of the Appellate Court is final as to the facts and the sufficiency of the evidence to sustain the judgment of the circuit court.

2. REMITTITUR—*in avoidance of a motion for a new trial.* The rule is uniform that on a motion for a new trial on account of excessive damages, the plaintiff may remit a portion of the verdict to obviate the objection. The court can not compel him to do so, but he may if he so elect.

3. ERROR *will not always reverse—as to the admission of evidence.* On the trial of a cause against a physician for want of ordinary care and skill in the treatment of the plaintiff for disease, the defendant called a witness who testified on his behalf that he had known the defendant as a physician for thirty years, and had never heard his qualifications as such questioned before the trial. On cross-examination the plaintiff elicited the fact that the defendant had been charged with committing an abortion on a woman, causing her death. It was *held*, that while it may not have been technically correct to allow the testimony given on the cross-examination, yet, in view of the testimony given for the defendant, it was not hurtful to him, and the error, if any, was of so slight a character as to afford no ground for a reversal.

4. A trivial error committed by the court on the trial of a cause will not be sufficient ground for a reversal, where the proceedings are in all other respects regular, and the judgment seems to do justice between the parties.

WRIT OF ERROR to the Appellate Court for the Third District; the Hon. CHAUNCEY L. HIGBEE, presiding Justice, and the Hon. OLIVER L. DAVIS and Hon. LYMAN LACEY, Justices;—heard in that court on error to the Circuit Court of Coles county; the Hon. C. B. SMITH, Judge, presiding.

Messrs. DECIUS & EVERHART, for the plaintiff in error.

Messrs. CLARK & SCOTT, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

George W. Albin was a practicing physician, and this action was brought against him by Phœbe A. Kinney to recover damages occasioned to her by reason of the alleged want of ordinary care and skill in the treatment of her for disease, with which she was supposed to be afflicted, and which he was employed to treat in his capacity as a physician. On the trial in the circuit court plaintiff recovered a verdict, and, on a portion of the damages found being remitted by leave of the court, judgment was rendered on the verdict for the residue. That judgment was affirmed on defendant's appeal to the Appellate Court.

The concession of counsel is in accordance with the law, viz: the judgment of the Appellate Court is final as to the facts of the case, and the sufficiency of the evidence to sustain the judgment of the circuit court. Only such questions of law as arise on the record remain to be considered.

The practice of permitting a *remittitur* of a portion of the verdict found, even in actions sounding in damages, is so well settled that the point made against the judgment in this case on account of the *remittitur* entered, need not be discussed as a new question. The rule is uniform that when there is a motion for a new trial on the ground of excessive damages, plaintiff may, if he chooses, remit a portion of the verdict to obviate the objection. The court can not compel a plaintiff to remit any portion of his verdict, but he may have his

election to do so or stand the chances of another verdict. It is only necessary to refer to a few cases in this court that declare the practice. *McCausland* v. *Wonderly*, 56 Ill. 410; *Thomas* v. *Fischer*, 71 id. 576. There was, therefore, no error in the action of the court in permitting plaintiff to remit a portion of his verdict to obviate the objection taken that the damages found were excessive.

But the point most confidently relied on to reverse the present judgment is, that the circuit court erred in permitting improper evidence to be introduced at the trial over the objection of defendant. A witness called on behalf of defendant testified that he had known the character of defendant as a physician in the neighborhood for thirty years, and had "never heard his qualifications as such disputed until this trial." On cross-examination, witness was asked if he had not heard defendant charged with having caused the death of a girl in committing an abortion on her. The objection interposed by defendant to the question was overruled by the court, and the witness answered that he "knew he was charged with committing an abortion on the Hyatt girl, causing her death." It may not have been technically accurate to permit the witness to answer the question. As a general proposition, every transaction is characterized by its own attendant circumstances. Particular acts of the participating parties in other cases seldom tend to elucidate the one to be considered. But in the present case, in view of the evidence given by defendant, it can hardly be said the objectionable testimony admitted was hurtful to the defence of the action. Evidence given in chief was as to the general character of defendant as a physician. It was as general as it could be, and covered well-nigh his whole professional life. It was proven nothing had been heard against his qualifications as a physician during a period of thirty years; but, on cross-examination, the witness stated he had heard defendant was charged with having caused the death of a patient by performing an operation on her person. But if it should be

conceded that the objection ought to have been sustained, still the error was so slight it ought not to be made the ground of a reversal of a judgment which, it is conceded, the facts found fully sustain.

It is by no means entirely clear that the testimony admitted does not in some degree tend to impeach the evidence of general good professional character given by defendant himself. It was an issue tendered by himself, and he can have no just ground to complain that a wide range of investigation was allowed to the opposite party.

But, aside from this view, this court has had frequent occasion to declare that a trivial error committed by the circuit court on the trial of a contested case will not be sufficient ground for the reversal of a judgment in all things else regular, and that seems to do justice between the parties. That is precisely the case here. The error complained of, if it in fact exists, is not of sufficient gravity to reverse the judgment, and it must stand.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*