THE NORTH CHICAGO STREET RAILROAD COMPANY

*v.*

532:26 LRA38(

THOMAS W. WRIXON, Admr.

*Filed at Ottawa June 19, 1894.*

1. APPEAL—*waiver of error.* Where a party fails to make the refusal of instructions a ground for a new trial, and in his abstract in the Appellate Court fails to give the instructions asked and refused, and states in his brief filed in that court that he makes no point on the refusal of instructions, he will thereby waive his right, on appeal to this court, to assign for error the refusal of his instructions.

2. A party can not take the judgment of the Appellate Court upon a question of fact, merely, and waive questions of law arising upon instructions, and when defeated on the fact, insist in the Supreme Court upon an error of law which was withdrawn from the consideration of the Appellate Court.

3. SAME—*remittitur in the Appellate Court.* A plaintiff in an action sounding in damages, on appeal to the Appellate Court, and after an order of reversal, on his motion had the judgment of reversal set aside, and entered a *remittitur* of one-half of the amount of the verdict, whereupon the Appellate Court entered judgment for the balance of the amount: *Held,* that the Appellate Court was authorized to allow the *remittitur,* and that in so doing and entering judgment for the remainder there was no error.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

Mr. EGBERT JAMIESON, and Mr. EDMUND FURTHMAN, for the appellant.

Mr. ARNOLD HEAP, and Messrs. ROSENTHAL & HIRSCHL, for the appellee.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

This was an action by appellee, administrator of the estate of William P. Wrixon, deceased, against appellant, to recover, for the use of next of kin, damages for personal injuries to

said William P. Wrixon, alleged to have been caused by the negligence of appellant, and which resulted in his death. A trial by jury in the circuit court resulted in a verdict for $5000. Motion for new trial was overruled and judgment rendered for that amount. On appeal to the Appellate Court a *remittitur* of $2500 was entered by the plaintiff, and the judgment affirmed for the residue of $2500. The railway company brings the case to this court, and urges two grounds for reversal of the judgment of the Appellate Court: First, "the trial court erred in refusing each and every of the instructions by it refused, asked by defendant;" second, "the Appellate Court erred in entering the *remittitur* and affirming the judgment of the trial court."

The instructions which it is urged the court erred in refusing, are numbered by counsel in their brief as 1, 2 and 3. We are not called upon to determine whether error intervened in the refusal of these instructions or not, but it may be said that the fact of negligence on the part of the defendant, and whether the plaintiff's intestate exercised such reasonable care and caution for his own safety as are usually exercised by children of the same age and degree of intelligence, was submitted to the jury by proper instructions. (*City of Chicago* v. *Keefe*, 114 Ill. 222; *Chicago City Railway Co.* v. *Wilcox*, 138 id. 370.) These questions of fact are settled adversely to appellant by the judgment of the Appellate Court, and are not here open to review.

A sufficient answer to the alleged error, that the court erred in refusing the instructions numbered 1, 2 and 3, is, that appellant has waived its right to insist upon that error, if error it was. In the abstract filed in the Appellate Court, and which has been filed by appellee in this court, the refused instructions were not abstracted, and thereby brought to the attention of that court. In the brief of appellant filed in that court the points urged for reversal are: "First, the verdict in this case is contrary to law; second, the verdict in this case

is contrary to the evidence ; third, the verdict in this case was excessive." Each of these points, and none other, was urged as properly raised, upon the motion for new trial, in the trial court, and it is expressly stated by counsel in their brief that "no point is raised on the giving or refusal of instructions." Our attention, and that of counsel for appellant, is directly called to these facts, and that the brief and abstract of appellant in the Appellate Court have been here filed, by the brief of appellee, and no question is made as to the accuracy of these statements, nor is it pretended that any other abstract or brief was filed by appellant in the Appellate Court. Nor does it appear that the question arising upon these instructions was considered by that court. We are justified, therefore, in assuming it to be admitted that in the Appellate Court appellant abandoned any assignments of error upon refusal of the court to give instructions asked by it. That being so, appellant is in no condition to insist upon the error here. A party can not take the judgment of that court upon a question of fact, merely, and waive questions of law arising upon instructions, and, when beaten upon the fact, insist in this court upon error of law which was withdrawn from the consideration of that court. To permit such practice would be unfair to the Appellate Court, would entail unnecessary expense upon the parties litigant, and encumber the dockets of the courts with unnecessary litigation.

The only question raised by counsel, properly before us, is, whether the Appellate Court erred in entering a *remittitur* at the instance of the plaintiff below. Upon consideration of the case, that court entered judgment January 11, 1894, reversing and remanding the cause. On January 15, 1894, being one of the days of the same term of that court, appellee moved that the order of reversal and remandment theretofore entered be set aside, and at the same time filed a *remittitur* of $2500 of the judgment. Thereupon the court set aside and vacated its former order and judgment, and entered a judg-

ment affirming that of the court below for the sum of $2500, and rendered judgment for said amount in favor of appellee and against appellant, and for costs, etc.

It is insisted, that in actions where the recovery is of unliquidated damages, a *remittitur* may not be entered, and the error existing in the verdict and judgment, because it is excessive, thereby cured. The difficulty of settlement of this question upon principle is fully recognized, but we are committed to the practice of allowing *remittiturs* in actions *ex delicto*, both in the trial and Appellate Courts, to such sum as shall to the court seem not excessive, and affirming as to the balance of the judgment. By section 81 of the Practice act the entry of *remittitur* in the appellate courts is authorized. It may not be amiss to here collate some of the leading cases in the State upon the question.

*Thomas* v. *Fischer*, 71 Ill. 576, was an action on the case for slander. The jury returned a verdict for $1600, and, on motion for new trial, plaintiff remitted one-half, and judgment was entered on the verdict for the balance,—$800. It was there insisted that by the *remittitur* plaintiff conceded the verdict to be unjust, etc., and that the defect was not cured thereby, but that the error could be corrected only by submission of the cause to another jury,—citing, in support of this view, *Thomas* v. *Wormack*, 13 Texas, 580, *Nudd* v. *Wells*, 11 Wis. 407, and *Claflin* v. *Delaney*, 38 N. Y. 138, and as particularly sustaining the contention, in so far as "that, in a case sounding wholly in damages, and where the damages are unliquidated, the court can not order a *remittitur* as the alternative for a new trial." But it was there said: "That a party himself may remit in such cases is a practice so interwoven with our jurisprudence, we are unwilling to disturb it. The rule is, in our practice, where a jury has passed upon a question of unliquidated damages, though the court below may have no right to direct the plaintiff to remit, or a new trial shall be had, yet if the plaintiff himself, on a motion for a

new trial being made, voluntarily remits part of the damages, the verdict must stand for the balance,—and this, for the reason that it is necessary an end should be put to litigation, and actions for vindictive damages not be encouraged."

*Illinois Central Railroad Co.* v. *Ebert,* 74 Ill. 399, was an action to recover damages for injuries sustained by plaintiff in a collision on defendant's road. Verdict was returned for $10,000, and, on motion for new trial, plaintiff, by his attorney, remitted $6000 of the finding, and the court entered judgment for the balance,—$4000; and the learned Justice Breese, who delivered the opinion of the court in the preceding case, while criticising the rule which has obtained in such cases, again declared the practice to be too firmly established to be displaced, and the judgment was affirmed.

*Lœwenthal* v. *Streng,* 90 Ill. 74, was an action on the case for malicious prosecution, and a verdict was returned for plaintiff for $10,000. Motion for new trial was made and overruled, whereupon the plaintiff entered *remittitur* of $4000, and judgment was rendered for $6000. The court, by Justice Walker, regarding the verdict as "outrageously excessive," said: "It could only have been induced by prejudice, passion or total misconception of the case; and when it is so flagrantly excessive as to be only accounted for on the ground of prejudice, passion or misconception, the *remittitur* does not remove the prejudice, passion or misconception." The court, however, does not there reverse the judgment on this ground, but on the ground that they still regard it, notwithstanding the *remittitur* of $4000, "as grossly excessive."

*Albin* v. *Kinney,* 96 Ill. 214, was an action on the case against a physician for alleged malpractice in his treatment of the plaintiff. By leave of the court, plaintiff entered a *remittitur* of part of the verdict and judgment was rendered for the residue, and it was there said: "The practice of permitting a *remittitur* of a portion of the verdict found, even in actions sounding in damages, is so well settled that the point

made against the judgment in this case, on account of the *remittitur* entered, need not be discussed as a new question. The rule is uniform, that when there is a motion for a new trial on the ground of excessive damages, plaintiff may, if he chooses, remit a portion of the verdict to obviate the objection. The court can not compel a plaintiff to remit any portion of his verdict, but he may have his election to do so, or stand the chances of another verdict."

*Union Rolling Mill Co.* v. *Gillen,* 100 Ill. 52, was an action for injuries sustained by the plaintiff by reason of the negligence of the defendant. The jury found a verdict for plaintiff for $5000. A *remittitur* having been entered by plaintiff of $2000, the court rendered judgment upon the verdict for $3000. It was contended in this court that entry of judgment upon the verdict was erroneous, — that while the practice might be proper to allow *remittitur* in actions *ex contractu,* it was otherwise in actions *ex delicto,* and that in such latter cases, if the jury was unfair in assessing the damages, it should be taken for granted that the jury was also unfair in deciding upon the issue. The court there held the practice to be established of allowing *remittitur* in actions *ex delicto* as well as *ex contractu,*—citing cases *supra.*

In *Libby et al.* v. *Scherman,* 146 Ill. 554, which was an action for personal injury caused by the negligence of the defendant, the court held the rule to be so firmly settled in its application to such cases as to be beyond question.

The practice of allowing entry of *remittitur* in the Appellate Court was expressly sanctioned in *Chicago, Burlington and Quincy Railroad Co.* v. *Dickson,* 88 Ill. 431. That was an action to recover damages for personal injury inflicted by the negligence of the defendant railroad company. A judgment had been rendered for $6500, which was complained of as excessive. After appeal to this court a *remittitur* of $2500 was entered, and the judgment for the amount of $4000, being the amount of the judgment less *remittitur,* was affirmed.

Without continuing the citation of cases, enough have been given to show the practice in this State; and while in some of them the rule has been strongly criticized, it has been adhered to, and has become the uniform practice in all the courts of the State, and ought not now to be changed.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*