## THE WEST CHICAGO STREET RAILROAD COMPANY

### *v.*

### CHARLES MUSA.

*Opinion filed June 17, 1899.*

1. INSTRUCTIONS—*when failure to limit negligence to that charged is not ground for reversal.* Failure of an instruction to limit plaintiff's right of recovery to the particular negligence charged is not ground for reversal where no other negligence is proved or in any way disclosed to the jury and other instructions contain the limitation.

2. APPEALS AND ERRORS—*effect of remittitur upon objection that verdict was influenced by improper remarks.* The action of the Appellate Court in requiring a *remittitur* and taxing the costs to appellee removes all just ground of complaint by appellant in the Supreme Court that improper remarks by appellee's counsel before the jury increased the award of damages.

*West Chicago Street Railroad Co.* v. *Musa,* 80 Ill. App. 223, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

The action below was in case, by appellee, to recover for personal injuries. The negligence charged in the first count of the declaration was, the servants of appellant in charge of a train of its street cars carelessly and negligently managed the train, and by reason of such negligence the cars with great force ran upon and struck a wagon in which the appellee was riding and overturned the wagon, and threw the appellee with great force and violence to the street, and bruised and wounded him. The second and last count charged the train was negligently moved in the street at a high and dangerous rate of speed, and that the collision with the wagon resulted from such negligence. The cause was submitted to a jury and verdict returned and judgment entered in favor of the appellee in the sum of $2500. The judgment was affirmed by the Appellate Court for the First District in the sum

of $2000, the excess having been remitted in that court. This appeal questions the correctness of this judgment of affirmance.

VANVECHTEN VEEDER, for appellant.

C. E. CRIUKSHANK, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The testimony as to the cause of the accident was in conflict.   That for the appellee was, he was driving his wagon, with ordinary. care, in the street on the track of appellant's road, and that a train of appellant's cars approached from the rear, running at a high rate of speed, and without reasonable warning ran into the wagon, overturned it and threw him to the pavement of the street and under the fragments of the wagon.   That for appellant was, that appellee was driving his wagon along the street by the side of the track of the appellant's line of road and turned his vehicle onto the track so suddenly the gripman was unable to avoid striking it.   Appellee testified the car pushed and carried the wagon seventy or eighty feet from the point of contact, and Herman Pollack, a witness in his behalf, corroborated the statement. This testimony, together with that of appellee and said Pollack and of other witnesses as to the effect of the concussion on the wagon and team, tended strongly to sustain the charge the train of cars was moving at a very high rate of speed.   True, the testimony was contradicted by that of others, but the case, in its facts, was one proper for the consideration of the jury, and the circuit court correctly refused to direct a verdict for the appellant company.

The complaint the first and second instructions on behalf of appellee authorized the jury to find for the appellee if they believed, from the evidence, the servants of the appellant company were guilty of any negligence,

without restricting the right of recovery to the negligence charged in the declaration, would not be without force if negligence other than that charged in the declaration had in any way been disclosed to the jury. The facts made to appear by proof did not tend to establish or raise a presumption the servants of the company had been derelict otherwise than as averred in the declaration. While subject to criticism in another respect, we do not think the statements of counsel for appellee, in the argument of the case to the jury, had any tendency to suggest or disclose the servants of the company were negligent otherwise than in the manner or mode of operating and moving the train as charged in the declaration. Moreover, the jury were distinctly advised in other instructions it was essential to a right of recovery the evidence should show the appellant company was guilty of negligence as charged in the declaration.

In the course of his argument to the jury, counsel for appellee improperly indulged in remarks which may have tended to unduly increase the award of damages. It appears from the judgment entered by the Appellate Court, a *remittitur* in the sum of $500 was entered in that court by the appellee, and that the judgment, as reduced by the *remittitur*, was affirmed, the appellee being required to pay all costs in that court. It thus appears the Appellate Court determined the evidence warranted an assessment of damages in the amount of the judgment as reduced by the *remittitur*. It was the province of the Appellate Court to consider and determine whether, in view of the facts of the case, the damages were excessive, and the action taken by that court in requiring a *remittitur* in the sum of $500 and taxing the costs in that court to appellee removed all just ground of complaint as to the course pursued by counsel.

No other errors are assigned. The judgment is affirmed.

*Judgment affirmed.*