City of Elgin v. Louis F. Nofs.

Gen. No. 4,296.

1. ABSTRACT —*effect of insufficient.*  Where the appellant fails to show in its abstract what evidence the court heard upon the hearing of an application for a change of venue from a particular county, it must be inferred that the affidavits filed in opposition to such change of venue warranted the court in denying the petition.

2. CHANGE OF VENUE—*section 2 of act pertaining to, construed.* This section of the statute is intended to apply to all cases where the venue is changed regardless of the cause of the change, but the words in the clause of such section which provide for sending the cases in which the change is granted " to some other county to which there is no valid objection " only apply when the reason for the change of venue is the prejudice of the inhabitants of the county or the undue influence of the adverse party over their minds, and have no application to changes of venue on account of the prejudice of the judges; but where the change is granted for such latter cause, it is a matter within the discretion of the court to send the case to one of the city courts of the same county (where such courts exist) or to send the case out of the circuit, or to call in a circuit judge of another county to try the same.

3. CONTINUANCE—*when affidavit for, because of illness of counsel, is insufficient.*  An affidavit for a continuance setting up the illness of the leading counsel in a case is insufficient, where it does not show that the applicant did not have other counsel employed who were competent to try the case, and fails to set up a meritorious defense.

4. VERDICT—*when, not disturbed upon appeal.*  Where the facts in a case have been found the same way by three different juries and it is conceded that the evidence presented such a state of facts as to require its submission to the jury, the Appellate Court is not warranted in reversing the judgment, even if it were inclined to take a different view of the facts from that taken by such juries.

5. VERDICT—*when, set aside upon appeal.*  The Appellate Court will, notwithstanding three juries have found the same way, set aside

a judgment where it appears that the verdict is so palpably against the clear weight of the evidence as to convince the court that the same was the result of passion and prejudice.

Action on the case for personal injuries. Appeal from the Circuit Court of Kane County; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the October term, 1903. Affirmed. Opinion filed April 14, 1904.

R. N. BOTSFORD and CHARLES H. FISHER, for appellant.

RUSSELL & HAZLEHURST, for appellee.

MR. JUSTICE VICKERS delivered the opinion of the court.

This is a suit to recover damages for injuries sustained by appellee by falling through a hole in a sidewalk on a bridge across Fox River within the corporate limits of the city of Elgin. The case has been tried three times in the Circuit Court. The first verdict was for $10,000 in favor of appellee and was reversed in this court for errors in the admission of testimony and in giving an instruction. See City of Elgin v. Nofs, 96 App. 201. The case was remanded, and at the second trial appellee recovered a verdict for $15,000 against appellant, which judgment was reviewed by this court and affirmed. See City of Elgin v. Nofs, 103 App. 11. Appellant prosecuted a further appeal to the Supreme Court and the judgment of the Circuit and Appellate Courts was reversed, and the cause was remanded to the Circuit Court. See City of Elgin v. Nofs, 200 Ill. 252. The third trial was had in the Circuit Court resulting in a verdict and judgment in favor of appellee for $20,000 from which the present appeal is prosecuted.

Before the commencement of the last trial in the Circuit Court of Kane county, appellant presented its petition for a change of venue on account of the prejudice of each of the judges of the sixteenth judicial circuit; and also prayed for change of venue from the county of Kane on account of the prejudice of the inhabitants of said county against appellant, and supported its petition by affidavits. Appellee was permitted to file counter affidavits to meet the

petition so far as it related to the prejudice of the inhabitants of Kane county. The court sustained the motion for change of venue from the judges of the sixteenth circuit, but overruled it in so far as it related to the prejudice of the inhabitants of Kane county, and thereupon set the case down for trial in Kane county before Judge Donnelly of the seventeenth circuit.

The action of the court in overruling appellant's application for change of venue from Kane county is assigned as error. The abstract fails to show what the affidavits in support of the petition or those in resisting it, contain. Appellant having failed to show in its abstract what evidence the court heard on the hearing of its application for change of venue from Kane county, it must be inferred that the affidavits warranted the court in denying the petition. We are not required to go to the record to ascertain what these affidavits contain. Staude v. Schumacher, 187 Ill. 187; Gibler v. City of Mattoon, 167 Ill. 18; Traeger v. The M. B. & L. Assn. et al., 187 Ill. 314.

It is insisted that when the change of venue was granted on account of the prejudice of all the judges of the sixteenth circuit, the change of venue should have been to either the City Court of Aurora or Elgin, or to some other convenient county to which there was no valid objection. Section 2, chapter 146, S. & C. R. S., provides: "When a change of venue is granted, it may be to some other court of record of competent jurisdiction in the same county, or to some other convenient county, to which there is no valid objection." This section of the statute is intended to apply to all cases when the venue is changed, regardless of the cause of the change, and the words in the clause of the statute providing for sending the case "to some other county to which there is no valid objection," only applies when the reason for the change of venue is the prejudice of the inhabitants of the county, or the undue influence of the adverse party over their minds, and has no application to changes of venue on account of the prejudices of the judges. The application for a change of venue on account of the

prejudice of the inhabitants of the county having been properly overruled, and a change awarded from the three judges of the sixteenth circuit, it was a matter in the discretion of the court to send the case to one of the City Courts of Kane county or to send the case out of the circuit or to call in a circuit judge from another circuit to try the case in Kane county. The inconvenience and expense attendant upon the trial of cases in a foreign county and especially in another circuit, affords strong reasons for refusing to change the venue from the county where the parties and witnesses reside. The action of the court in refusing to send the case out of Kane county for trial, and in calling in Judge Donnelly from the seventeenth circuit to try the case, was not an abuse of the discretion, and presents no reason for reversing the judgment. Chicago, Burlington and Quincy Ry. Co. v. Perkins, 125 Ill. 127; Chicago and Alton Ry. Co. v. Harrington, 192 Ill. 9.

When the case was called for trial, appellant entered a motion for a continuance or postponement of the trial on account of the illness of R. N. Botsford, who is referred to as the leading counsel for appellant, and presented the affidavit of Charles H. Fisher, corporation counsel for appellant, in support of the motion. The motion being denied, appellant took an exception and assigns the ruling as error in this court. The affidavit in support of the motion is defective in two essential respects: it does not show that appellant did not have other counsel employed who were competent to try the case; and it wholly fails to show that the appellant had any legal defense to interpose on the merits. Merit must always be shown on such applications. Waugh v. Suter, 3 App. 271; Waarich v. Winter, 33 App. 36; Slack v. Casey, 22 App. 412; Stenzel v. Sims, 25 App. 538. See also Condon v. Brockwoget, 50 App. 625.

It is conceded by appellant that the court properly overruled its motions to take the case from the jury, made at the close of appellee's evidence and again at the close of all the evidence. It is also conceded that the court did not err in giving or refusing instructions. The only points

raised in the argument on this appeal, and remaining for our consideration, relate to the controverted questions of facts and the excessiveness of the verdict.

The facts in this case have been found the same way by three different juries, and it being conceded that the evidence presents such a state of facts that the trial court was required to send the case to the jury, we would not be warranted in reversing the case, after three trials, even if we were inclined to take a different view of the facts from the one found by the juries. Section 59 of the Practice Act (3 S. & C. Stat., 2nd ed., p. 3054) provides that "No more than two new trials upon the same grounds shall be granted to the same party in the same cause." In commenting on this statute as it stood prior to the revision of 1874, in Silsbe v. Lucas, 53 Ill. 479, the Supreme Court said: "It would seem to be eminently proper that when three juries have found the facts the same way, there should be an end of the controversy, as to what the facts are." While the statute above quoted is only intended to apply to circuit and other trial courts, still when there have been three jury trials all resulting the same upon a controverted state of facts, and there is evidence fairly tending to support the several findings of the juries, we are not inclined to disturb the judgment upon any consideration relating solely to the facts. Tri-City R. R. Co. v. Brennan, 108 App. 471; Parmley v. Farrar, 105 Ill. App. 394; Parmley v. Farrar, 204 Ill. 38. We would not, however, hesitate, in a case where the verdict was so palpably against the clear weight of the evidence as to convince this court that the same was the result of passion or prejudice, to set it aside regardless of the number of juries that had passed on it.

The findings of the juries upon the amount of damages has varied with each trial, the first being for $10,000, the second for $15,000 and this for $20,000. The persuasive force of the verdicts therefore does not apply to the amount of the damages. Parmley v. Farrar, *supra.* While appellee is beyond question very seriously injured yet $20,000 is a very large verdict; so large, in fact, that this court feels

City of Elgin v. Nofs.

compelled to reverse the judgment of the trial court for this reason only, unless appellee shall enter a remittitur of $5,000.   In case he does so in ten days from this date, the judgment will be affirmed for $15,000 with an order that appellee pay one-half the costs in this court; otherwise it will be reversed and remanded.

Appellee having, pursuant to the suggestions contained in the foregoing opinion, filed herein a remittitur of $5,000, said judgment is affirmed in the sum of $15,000. Appellee will be required to pay one-half the costs of this court.

Remittitur of $5,000 and judgment affirmed for $15,000.

*Affirmed.*