THE CHICAGO CITY RAILWAY COMPANY

*v.*

HOWARD S. GEMMILL, Admr.

*Opinion filed April 20, 1904—Rehearing denied June 9, 1904.*

1. NEGLIGENCE—*negligence and contributory negligence are ordinarily questions of fact.* Negligence and contributory negligence, if there is any evidence in the record fairly tending to prove the allegations of the declaration, are questions of fact, upon which the determination of the Appellate Court is final.

2. INSTRUCTIONS—*when instruction on question of damages will not reverse.* Giving an instruction in a personal injury case authorizing the jury, in estimating plaintiff's damages, to consider all the facts and circumstances in evidence, is not reversible error, although the consideration should have been limited to the evidence of facts and circumstances attending the injury.

3. APPEALS AND ERRORS—*exception must be taken to improper remarks.* While it is the duty of the trial court to control the argument of counsel, yet if opposite counsel desires a review of alleged improper remarks he must make objection and obtain a ruling, and if the ruling is adverse, take exception thereto.

4. SAME—*right of trial or Appellate Court to require a remittitur.* In an action *ex delicto*, the trial or the Appellate Court, if it deems the verdict excessive, may require the entry of a *remittitur* to reduce the verdict to an amount deemed not excessive, and the Appellate Court's determination in that regard is conclusive on the Supreme Court as a question of fact.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

WILLIAM J. HYNES, and H. H. MARTIN, (MASON B. STARRING, of counsel,) for appellant.

GEMMILL & FOELL, for appellee.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

This was an action on the case commenced in the circuit court of Cook county by Michael Sheehan, against the appellant, to recover damages for a personal injury

alleged to have been sustained by him through the negligence of the appellant. The declaration contained four counts. The plea of not guilty was filed. A trial resulted in a verdict for the sum of $12,500, and a motion for a new trial having been interposed, the trial court required the plaintiff to remit the sum of $6500, otherwise the motion for a new trial would be granted, whereupon the plaintiff entered a *remittitur* for that amount and the motion for a new trial was overruled and judgment rendered on the verdict for $6000. The appellant prosecuted an appeal to the Appellate Court for the First District, where the judgment was affirmed, and a further appeal has been prosecuted to this court.

During the pendency of the appeal in the Appellate Court Michael Sheehan died, and Howard S. Gemmill, his administrator, was substituted as appellee, and appears in that capacity in this court.

At the close of the plaintiff's evidence, and again at the close of all the evidence, the defendant moved the court to peremptorily instruct the jury to return a verdict in favor of the defendant, which the court declined to do, and the action of the court in that regard has been assigned as error.

It appeared from the uncontradicted evidence that Michael Sheehan, who was at the time of the injury in the employ of the Chicago House-Wrecking Company as a teamster, was driving a horse hitched to a loaded wagon upon Thirty-fifth street, which runs east and west, in the city of Chicago; that the wrecking company's place of business and yards are located on the south-west corner of Iron and Thirty-fifth streets, the entrance thereto being on Thirty-fifth street, about two hundred and twenty-five feet west of Iron street; that the appellant operated a double track electric street railway on Thirty-fifth street, its west-bound cars running upon the north track and its east-bound cars running upon the south track; that as Sheehan approached the entrance to the yards

of the wrecking company from the east, it being after six o'clock, he discovered the gate was closed. He stopped the horse on the north side of the street, immediately in front of the entrance, got down from the wagon, went across the street to the gate and notified the watchman to open it, which the watchman did. He then went back, got upon the wagon and started to drive across the street into the wrecking company's yard. A car of appellant was approaching from the west upon the south track. As Sheehan drove upon that track the car struck the wagon and knocked the horse down and threw Sheehan off upon the ground, from which fall his hip was crushed and he was otherwise injured. At the time of the injury it was daylight, the track was dry and the view up and down Thirty-fifth street, at the place of the injury, for a considerable distance was unobstructed. The evidence was conflicting as to the rate of speed at which the car was running and its distance west of the entrance to the wrecking company's yards when Sheehan started to cross the tracks; also as to whether the gong was sounded by the motorman or Sheehan looked in the direction of the approaching car. Sheehan testified the car was three hundred feet or more west of the entrance to the yards of the wrecking company when he started to drive across the tracks; that from the position he was in on the load he could not judge accurately as to the rate of speed at which the car approached the wagon; that when he drove upon the tracks the car was one hundred and fifty feet or more west of him, and that it struck the rear part of the wagon. Other witnesses testified the car was running at a high rate of speed, that the wagon was badly broken, and that some of the windows in the car were knocked out at the time of the collision.

In view of the evidence we are of the opinion it can not be said, as a matter of law, the defendant was not guilty of the negligence charged in the declaration, or that Sheehan was guilty of contributory negligence, but

are of the opinion the question of the negligence of the appellant, and that of the contributory negligence of Sheehan, were properly left to the jury. The questions of negligence and contributory negligence, if there is evidence in the record fairly tending to prove the allegations of the declaration, are questions of fact, and not questions of law, and the determination thereof by the Appellate Court is conclusive and binding upon this court. *Illinois Steel Co.* v. *Ryska*, 200 Ill. 280; *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *Hornsby*, 202 id. 138; *Chicago and Alton Railroad Co.* v. *Flaherty*, id. 151; *Chicago City Railway Co.* v. *Mead*, 206 id. 174.

It is next assigned as error that the court improperly gave to the jury the following instruction:

"The jury are instructed that if you find for the plaintiff in this case you will be required to determine the amount of his damages, and in determining the amount of damages the plaintiff is entitled to recover in this case, if any, the jury have a right to, and they should, take into consideration all the facts and circumstances in evidence before them, and the nature and extent of plaintiff's physical injuries, if any, testified about in this case, so far as shown by the evidence, his suffering in body and in mind, if any, resulting from such injuries, and such future suffering and loss of health, if any, as the jury may believe, from the evidence before them in this case, he will sustain by reason of such injuries."

The criticism made upon the instruction is, that it informs the jury that in determining the amount of damages that the plaintiff is entitled to recover, if any, they have a right to, and should, take into consideration all the facts and circumstances in evidence before them. While the instruction would have been more accurate had it limited the jury to the consideration of the facts and circumstances *attending the injury*, as was done in the case of *Gartside Coal Co.* v. *Turk*, 147 Ill. 120, we are of the opinion the jury were not misled by the instruction.

209—41

An instruction in substantially the above form was approved by this court in *Hannibal and St. Joseph Railroad Co.* v. *Martin*, 111 Ill. 219, *West Chicago Street Railroad Co.* v. *Carr*, 170 id. 478, *West Chicago Street Railroad Co.* v. *Johnson*, 180 id. 285, *Cicero and Proviso Street Railway Co.* v. *Brown*, 193 id. 274, and *Chicago Terminal Transfer Railroad Co.* v. *Gruss*, 200 id. 195. The giving of the instruction was not prejudicial error.

It is also assigned as error that the attorney for the plaintiff made improper remarks to the jury in his closing address. In case the appellant desired to present that question to the Appellate Court or this court for review, the attention of the trial court should have been called specifically to the remarks of the attorney which were deemed objectionable, and that court should have been asked to rule upon the objection, and an exception should have been preserved. This the appellant failed to do. While it is the duty of the trial court, without waiting for an objection from opposing counsel, to control counsel in argument before the jury, still, if counsel desire to take advantage in a court of review of improper remarks of opposing counsel made to the jury in argument, they must first give the trial court an opportunity to remove the evil effect of the remarks, if any, from the minds of the jurors by proper instructions, by making specific objection to the objectionable remarks at the time they are made, and if no such specific objection be made and exception preserved at the time, the objection will not be considered in this court. *Illinois Central Railroad Co.* v. *Cole*, 165 Ill. 334. ·

It is further assigned as error that the court erred in entering judgment on the verdict for $6000, the amount remaining after the *remittitur* was entered. In *Loewenthal* v. *Streng*, 90 Ill. 74, which was an action on the case for malicious prosecution, a verdict was rendered for $10,000. A *remittitur* of $4000 was entered and a judgment was then rendered on the verdict for $6000. It was there said

that where a verdict is so flagrantly excessive as to be only accounted for on the ground of prejudice, passion or misconception, a *remittitur* will not cure the verdict. When that case was decided, this court in that class of cases reviewed questions of fact as well as of law, which is not the case since the organization of the Appellate Courts. In the case of *North Chicago Street Railroad Co.* v. *Wrixon*, 150 Ill. 532, after an exhaustive review of the authorities in this State, it was said (p. 535): "We are committed to the practice of allowing *remittiturs* in actions *ex delicto*, both in the trial and Appellate Courts, to such sum as shall to the court seem not excessive, and affirming as to the balance of the judgment," and the practice therein referred to is now too well established to be questioned. (*West Chicago Street Railroad Co.* v. *Musa*, 180 Ill. 130; *Chicago and Alton Railroad Co.* v. *Lewandowski*, 190 id. 301.) In the *Musa case* it was held it was the province of the Appellate Court to determine whether, in view of all the facts of the case, the damages were excessive, and if, in the view of that court, they were, the error might be cured by a *remittitur* in that court, and that the judgment of the Appellate Court in that regard, being upon a question of fact, would be binding upon this court.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*