SARAH J. SANDY, Exrx., Appellee, *vs.* THE LAKE STREET ELEVATED RAILROAD COMPANY, Appellant.

*Opinion filed June 18, 1908.*

1. REMITTITUR—*when allowing remittitur instead of granting a new trial is not error.*   Allowing a *remittitur* of $3500 from a verdict of $12,500 in a personal injury case and entering judgment for the balance instead of granting a new trial is not error, even though the trial judge was unwilling to enter judgment for the full verdict because he doubted whether all the physical conditions complained of by plaintiff resulted from the injury, where the evidence clearly shows that the injury was very serious and painful.

2. CARRIERS—*a fog does not lessen degree of care due to passengers.*   While a carrier is not required to exercise the highest degree of care for the protection of passengers against unknown perils not ordinarily incident to the operation of the road and the mode of conveyance adopted, yet as to known perils, such as a fog, it must exercise the highest degree of care consistent with the practical operation of its road and in view of the mode of conveyance adopted.

3. SAME—*act of God does not excuse liability if human agency intervenes.*   Even where the immediate cause of an injury to a pas-

senger is an act of God, within the meaning of the law, yet the carrier will be liable if its negligence has concurred in any degree in causing the injury.

4. INSTRUCTIONS—*when instructions will not be held to have misled the jury into considering withdrawn counts.* Instructions referring the jury to the charges of negligence made in the declaration will not be regarded as misleading the jury into considering charges contained in counts which were withdrawn, where the court informed the jury, before the case was submitted, which counts were withdrawn.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. HOMER ABBOTT, Judge, presiding.

CLARENCE A. KNIGHT, and WILLIAM G. ADAMS, for appellant.

HIRAM BLAISDELL, and FRAZIER & ZIV, (OLIVER R. BARRETT, of counsel,) for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This suit was brought in the circuit court of Cook county by Alfred C. Sandy to recover damages he claimed to have sustained from injuries received by him in a collision of two trains on appellant's elevated railroad. The declaration consisted of two original and six additional counts, but before the case was submitted to the jury at the trial the second original and the second, third, fourth and sixth additional counts were withdrawn and the case was submitted on the first original and the first and fifth additional counts. The first original and the first additional counts charged appellant with negligence, generally, in the management, control and operation of its trains, whereby one of its said trains ran into and struck another of its trains upon which plaintiff was riding, and seriously injured him. The fifth additional count charged the negli-

gent management and operation of appellant's trains and running them at a fast, imprudent, reckless and immoderate rate of speed, whereby the collision occurred, seriously injuring the plaintiff. The counts dismissed were based on other charges of negligence. A trial by jury resulted in a verdict for the plaintiff for $12,500. After a *remittitur* of $3500 by plaintiff the court rendered judgment in his favor for $9000, from which judgment the defendant below prosecuted an appeal to the Appellate Court. That court affirmed the judgment of the trial court, and defendant has prosecuted a further appeal to this court.

While the appeal was pending in the Appellate Court plaintiff below died and his executrix was substituted as a party to the suit in his stead, and she is the appellee in this court. For the sake of convenience we will use the term plaintiff instead of appellee in the discussion of the case.

It is first contended that the court erred in allowing a *remittitur* and in not granting a new trial. The jury returned a verdict in plaintiff's favor for $12,500. On the hearing of the motion for a new trial the trial judge expressed his doubts as to whether all the physical conditions plaintiff complained of as resulting from his injury resulted from said injury, and announced his disinclination to render judgment on the verdict for the full amount. Plaintiff remitted $3500 from the amount of the verdict and the court thereupon rendered judgment for $9000. Appellant contends that the court disagreed with the jury upon a question of fact, namely, whether plaintiff's ills all resulted from the injury sustained in the collision, and that it was therefore the duty of the court to set aside the verdict and grant a new trial.

That the plaintiff was seriously injured and suffered great pain is abundantly proven by the evidence. The medical witnesses testified he suffered from neuritis, neurasthenia and diabetes after the injury. As to whether all these resulted from the injury the evidence was conflicting,

plaintiff's evidence tending to show that they did, while defendant's evidence tended to show that diabetes might have existed before the accident. A general verdict was returned by the jury finding defendant guilty and assessing the plaintiff's damages at $12,500. While it appears the trial judge was of opinion the damages were assessed too high, he agreed with the jury as to plaintiff having sustained serious injuries and as to appellant's liability therefor, but it was his judgment that a less sum than that awarded by the jury would afford plaintiff just and adequate compensation.

*Remittiturs,* in actions *ex delicto,* by the trial and Appellate Courts have been approved by this court a number of times. (*Chicago City Railway Co.* v. *Gemmill,* 209 Ill. 638, and cases there cited; *Hanchett* v. *Haas,* 219 id. 546.) There are cases of such character that it would be difficult, if not impossible, to determine what amount should be remitted from a verdict, but the practice of allowing *remittiturs* in cases of the character of the one at bar has long been sustained in this State. In *North Chicago Street Railroad Co.* v. *Wrixon,* 150 Ill. 532, in discussing this question it was said (p. 535) : "But we are committed to the practice of allowing *remittiturs* in actions *ex delicto,* both in the trial and Appellate Courts, to such sum as shall to the court seem not excessive and affirming as to the balance of the judgment."

In *Chicago City Railway Co.* v. *Gemmill, supra,* the verdict was for $12,500, and the court required the plaintiff to remit $6500 and rendered judgment on the verdict for $6000. The judgment was affirmed by the Appellate Court. Allowing the *remittitur* was assigned as error in this court, and the decision of this court in *Loewenthal* v. *Streng,* 90 Ill. 74, a suit for malicious prosecution where a verdict for $10,000 was returned and a *remittitur* of $4000 allowed, was relied on by the appellant. Referring to that case we said (p. 642) : "It was there said that where a verdict is so flagrantly excessive as to be only accounted for on the

ground of prejudice, passion or misconception a *remittitur* will not cure the verdict. When that case was decided this court in that class of cases reviewed questions of fact as well as of law, which is not the case since the organization of the Appellate Courts." The court quoted with approval from *North Chicago Street Railroad Co.* v. *Wrixon, supra.*

In *West Chicago Street Railroad Co.* v. *Musa,* 180 Ill. 130, after a *remittitur* of $500 in the Appellate Court, the judgment of the trial court was affirmed. One of the contentions of appellant on the appeal was, that counsel for the plaintiff on the trial improperly indulged in remarks to the jury calculated to unduly increase the award of damages. This court sustained the action of the Appellate Court in allowing the *remittitur* and affirming the judgment, and said (p. 132) : "It was the province of the Appellate Court to consider and determine whether, in view of the facts of the case, the damages were excessive, and the action taken by that court in requiring a *remittitur* in the sum of $500 and taxing the costs in that court to the appellee removed all just ground of complaint as to the course pursued by counsel."

In *Chicago and Alton Railroad Co.* v. *Lewandowski,* 190 Ill. 301, this court approved the action of the Appellate Court in allowing a *remittitur* of $4500 from a verdict and judgment in the lower court for $10,500.

In *City of Elgin* v. *Nofs,* 212 Ill. 20, after a *remittitur* of $5000 in the Appellate Court, that court affirmed the judgment of the trial court in the sum of $15,000. This court sustained the action of the Appellate Court as to the *remittitur* but held appellee should have been required to pay all costs of the appeal instead of one-half thereof, as adjudged by the Appellate Court. In that case we said (p. 25) : "Appellant argues at great length that the judgment is grossly excessive and is the result of passion and prejudice, and insists that that question is open for the consideration of this court, and in support of its contention

cites *Illinois Central Railroad Co.* v. *Ebert,* 74 Ill. 399, *Loewenthal* v. *Streng,* 90 id. 74, and numerous cases from the Appellate Court of this State wherein judgments have been reversed upon the ground here contended for. But appellant seems to overlook the fact that the two cases cited from this court were cases brought directly to this court from the trial court, when this court, as the Appellate Court now may do, could consider the evidence and could reverse upon the ground that the judgment was excessive; but since the Appellate Court was established and the laws regulating the appeals from that court have limited this court to the consideration of questions of law, only, we are not now permitted to enter into a discussion of and base our action upon matters of fact."

In our opinion the action of the trial court in allowing the *remittitur* and rendering judgment for the balance affords no sufficient ground for a reversal by this court.

It is contended by appellant that the court erred in giving instructions 1, 2 and 3 on behalf of appellee. The first instruction was:

"You are instructed that a common carrier of passengers, through its servants in charge of its cars, is required to do all that human care, vigilance and foresight can reasonably do to avoid injury to a passenger, having in view the character and mode of conveyance adopted and consistent with the practical operation of the road."

The second told the jury that while the law did not make a common carrier an insurer of the safety of its passengers, that fact did not to the slightest extent relieve such carrier of its legal duty to exercise the highest degree of care for the safety of its passengers, having in view the character and mode of conveyance adopted and consistent with the practical operation of the vehicle, and if the jury found, from the evidence, that the plaintiff became a passenger and was injured through the negligence of the defendant while he was in the exercise of ordinary and rea-

sonable care for his own safety, as alleged in his declaration, then the jury should find the defendant guilty. The third was similar to the second, and after defining the degree of care the law required of a carrier of passengers, told the jury that if the plaintiff became a passenger of the defendant and that defendant did not exercise the degree of care and caution for the safety of the plaintiff, as stated in the instruction, and the plaintiff was injured, as alleged in his declaration, because of the failure of defendant to exercise the degree of care and caution required, as stated in the instruction, then they should find the defendant guilty.

One of appellant's defenses on the trial was that a heavy fog prevailed at the time of the collision, which prevented the motorman of the train that ran into the one plaintiff was riding on, from seeing the train plaintiff was on in time to prevent the collision, and that said collision was therefore caused by the act of God. That question was determined adversely to the appellant in the trial court, and the judgment having been affirmed by the Appellate Court it is conceded the question is not open to review here. Appellant's position, as we understand it, is, that it introduced testimony tending to sustain its claim on the trial that the collision was caused by an act of God, and that under the evidence the instructions referred to were erroneous in telling the jury that it was the duty of appellant to exercise the highest degree of care for the safety of its passengers. Appellant insists that the collision resulted from a peril not incident to the ordinary operation of the road, and that the law in such case only requires the exercise of ordinary care to prevent damages.

In *Chicago and Alton Railroad Co.* v. *Pillsbury,* 123 Ill. 9, the distinction between the liability of a common carrier of freight and passengers was discussed. As to the former it was held the carrier is an insurer and must deliver safely at whatever hazard, and that it can only be relieved from this obligation by the act of God or the public enemy; that

a carrier of passengers, in the selection of suitable machinery and cars, fitness of its road, both as to manner of construction and materials used and appliances adopted for the government or moving of trains, and in the employment of competent and faithful servants, is obligated to use the highest reasonable and practicable skill and care. "The safety of passengers requires the strict and rigid observance of this rule against all carriers, by rail or otherwise; but as to dangers and perils not incident to ordinary perils by any mode of travel, the rule of liability imposed upon the carrier of passengers by law is less stringent. The carrier, however, must omit no care to discover and prevent danger to a passenger or passengers that is reasonable and practicable. The public exigency and security demand this much of the carrier at all times and under all circumstances."

The fog in this case existed at 5:30 A. M., when appellant's superintendent went on duty. The collision occurred about 7:30 A. M. He observed the fog, and concluding it was unsafe to run trains as was the custom under ordinary conditions, took extra precautions to avoid accidents by giving orders to disregard the schedule in operating trains and to run safe. He also posted extra men at different points and directed the motormen to run their cars at such speed that they could be stopped within the range of their vision. While the law does not require a carrier of passengers to exercise the highest degree of care for their protection against dangers and perils not ordinarily incident to the operation of the road and the mode of conveyance, yet as to the known perils and dangers the carrier is required to exercise the highest degree of care, having in view the character and mode of conveyance and consistent with its practical operation. Here the appellant knew of the conditions which made the operation of its road dangerous, and with full knowledge continued to operate the road and receive and carry passengers thereon. It was not a case where a sudden peril was created by the act of God which appellant

could not have reasonably foreseen and provided against. The trains were run by appellant at intervals of three or four minutes. The one on which the plaintiff was riding was just starting to move away from the Ann street station when the collision occurred. The damage done to the cars by the collision shows that the rear train struck the forward one with very considerable force. It is very clear the evidence warranted the jury in finding the collision was not caused by the act of God and that it resulted from the negligence of appellant.

It is unnecessary to determine whether the existence of the fog could in any event be considered an act of God within the meaning of the law, for, however that question might be determined, it appears from the evidence that the accident would not have happened but for the concurrent negligence of appellant. Even in a case where the immediate cause of the injury to a passenger is an act of God, the carrier will be liable if its negligence concurred in any degree in causing the injury. If there is any intervening human agency which contributes to cause the damage it can not be considered as caused by an act of God. (2 Hutchinson on Carriers, sec. 913; *Wald* v. *Pittsburg, Cincinnati, Chicago and St. Louis Railroad Co.* 162 Ill. 545; *Michaels* v. *New York Central Railroad Co.* 30 N. Y. 564; *McArthur & Hurlburt* v. *Sears,* 21 Wend. 190.) We have repeatedly held that carriers of passengers for hire, though not insurers of absolute safe carriage, are bound to exercise the highest degree of care, skill and diligence consistent with the practical operation of the road and the mode of conveyance adopted. (*Chicago and Alton Railroad Co.* v. *Murphy,* 198 Ill. 462; *Chicago and Alton Railroad Co.* v. *Arnol,* 144 id. 261; *Tuller* v. *Talbot,* 23 id. 367; *North Chicago Street Railroad Co.* v. *Polkey,* 203 id. 225; *Chicago City Railway Co.* v. *Smith,* 226 id. 178.) In some of these cases instructions stating the law substantially as laid down in the instructions here complained of were approved.

In our opinion, under the facts as disclosed by the evidence in this case, the instructions complained of correctly defined the duty of appellant.

It is further objected to instructions 2 and 3 that No. 2 told the jury they were justified in finding appellant guilty if they believed, from the evidence, it was guilty of negligence as charged in the declaration; and the third told the jury that they were authorized to find the defendant guilty if they believed, from the evidence, plaintiff was injured, as alleged in the declaration, because of the failure of defendant to exercise the degree of care the instruction told them it was defendant's duty to exercise. The argument made is, that as five of the counts of the declaration had been withdrawn, and the three remaining counts, upon which the cause was submitted, charged negligence in the operation of the trains, the jury should have been told that they could consider only the negligence charged in said three counts, and should have been instructed, as requested by appellant, to find for it under the other five counts. The court informed the jury before the case was submitted that plaintiff had withdrawn the second count of the original declaration and the second, third, fourth and sixth additional counts. The instructions limited appellant's liability for negligence to the negligence charged in the declaration, and as the jury were informed by the court as to what counts had been withdrawn from their consideration, it must be assumed they knew the instructions referred to the negligence charged in the counts that had not been withdrawn and upon which the case was submitted. *West Chicago Street Railroad Co.* v. *Buckley*, 200 Ill. 260.

Objection is also made to the instruction given for the plaintiff upon the measure of damages. It is insisted this instruction authorized the jury to take into consideration, in assessing damages, the physical condition of plaintiff, whether such condition was the direct and proximate result of the accident or not. We do not think the instruction

subject to this criticism. It limited the jury to the consideration of injuries resulting from the accident, and was substantially in the form approved by this court in *West Chicago Street Railroad Co.* v. *Johnson,* 180 Ill. 285, and other cases.

We think there was no reversible error in the rulings of the court in the admission and exclusion of evidence, and the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*