## Raymond Costello, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 15,937.

VERDICTS—*when excessive cured by remittitur.* If a verdict is not so excessive as to indicate that it was the result of passion or prejudice, it may be cured by the entry of a *remittitur.*

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the HON. GEORGE A. DUPUY, Judge, presiding. Heard in this court at the October term, 1909. Affirmed on *remittitur.* Opinion filed February 5, 1912. *Remittitur* filed February 8, 1912.

FRANKLIN B. HUSSEY and WATSON J. FERRY, for appellant.

GEORGE E. GORMAN and McGOORTY & POLLOCK, for appellee.

Mr. Justice Smith delivered the opinion of the court.

The appellee, a boy between three and four years old, was injured while playing with four or five other children on 39th street near Michigan avenue, Chicago.

The appellant insists, in an able and earnest argument, that the verdict is not justified by the evidence and is against the overwhelming weight of the evidence. The testimony of the witnesses for the appellee tended to show a negligent operation of appellant's street car, whereby it struck the appellee and injured him. The testimony of the witnesses for appellant tended to show that the appellant's servants were not guilty of negligence and that appellee was run over by an express wagon passing along the street at that time. As usual, much can be and, as the briefs prove, has been said in the arguments on both sides pertaining to the details of the testimony and the credibility of the witnesses. These are questions of fact for the jury and an analysis and discussion of the same would extend this opinion to an unwarranted length. The verdict of a jury should not be set aside without deliberate, careful and serious consideration, and then only when it appears to the court to be clearly and manifestly against the weight of the evidence. On the question of the liability of appellant we shall not disturb the verdict; but on the question of the damages, mindful of the above mentioned well settled principles and in accord therewith, we conclude that the damages are excessive. The appellee, through counsel, contended that the car knocked him down and that in rolling over his left foot was run over by the rear wheels of the car, crushing the middle and the two small toes. There was some conflict of testimony as to the extent of the injuries to the toes, but to whatever extent they were crushed, the Doctor at the hospital considered it necessary to amputate all three of the toes and so did. There were no other injuries, and for the said injuries

to and loss of the middle and two small toes of the left foot the jury assessed the damages of the child at $3,000 and judgment was entered therefor.

While the practice of enforcing a *remittitur* in this court is not usual and is seldom considered warranted, yet it is sometimes proper and, when so considered, sustained. North Chicago St. R. R. Co. v. Wrixon, 150 Ill. 532; West Chicago St. R. R. Co. v. Musa, 180 Ill. 130; Chicago City Ry. Co. v. Gemmill, 209 Ill. 638; City of Elgin v. Nofs, 212 Ill. 20, Affirming 113 Ill. App. 618 (except as to costs); Sandy v. Lake St. El. R. R. Co., 235 Ill. 194.

The parties had a fair trial. The court did not err in its ruling on the evidence complained of, and the instruction given on behalf of the appellee, of which complaint is made, has been so often approved that comment thereon is unnecessary.

We do not think the verdict so excessive that, under the circumstances, it should be considered the result of passion or prejudice, or one that cannot be cured by a *remittitur*. We have therefore concluded that it is in this case our duty to give, and that justice will be best subserved by giving, the appellee an opportunity to file a *remittitur,* if it be so desired. If the appellee shall, within ten days from the filing of this opinion, enter in this court a *remittitur* in the sum of $1000, the cause shall thereupon stand affirmed on a judgment for the sum of $2000 and the costs of this appeal, under the authority of City of Elgin v. Nofs, *supra,* shall be taxed against the appellee. If the said *remittitur* be not entered herein within the said ten days, the said judgment will thereupon be reversed and the cause remanded for a new trial.

*Affirmed upon remittitur.*

*Remittitur* filed and judgment affirmed February 8, 1912.