## Anna Malloy, Appellee, v. City of Chicago, Appellant.

## Gen. No. 16,521.

1. INSTRUCTIONS—*when upon damages in personal injury action slightly inaccurate.* An instruction upon this subject instead of allowing the jury to predicate their estimate upon the "facts and circumstances in proof" may better limit the jury "to the consideration of the facts and circumstances attending the injury."

2. VERDICTS—*when not excessive.* A verdict reduced by *remittitur* from $2,000 to $1,250 is not excessive where it appears that as a result of the accident there was a stiffening of the right hip joint which had not passed away even at the time of the trial, and that the plaintiff suffered and continued to suffer considerable pain.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the HON. BEN M. SMITH, Judge presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed April 19, 1912.

· EDWARD J. BRUNDAGE and JOHN R. CAVERLY, for appellant; EDWARD C. FITCH, of counsel.

JOHN C. KING and JAMES D. POWER, for appellee.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

This is an appeal by the City of Chicago from a judgment rendered against it in favor of Anna Malloy, appellee, a minor, in the Superior Court of Cook county, in an action to recover damages for personal injuries.

The declaration avers in substance that appellant negligently permitted one of its sidewalks, on the south side of Thirty-fifth street between Wallace street and Parnell avenue, to be and remain in an unsafe and dangerous condition by reason of dangerous holes and missing and rotten planks in the sidewalk, and that appellee, a child of five years, using all due care for

her own safety, stepped into a hole in the sidewalk and fell whereby she sustained various injuries.

The jury returned a verdict for appellee, assessing her damages at $2000. Upon the motion for a new trial, appellee entered a *remittitur* of $750, and thereupon the court overruled the motion for a new trial and entered judgment for $1250.

The principal contention of appellant is that the court erred in giving to the jury instruction number 3 requested by appellee, which was as follows:

"If from the evidence of the case and under the instructions of the court the jury shall find the issue for the plaintiff and that the plaintiff has sustained damages as charged in the declaration, then, to enable the jury to estimate the amount of such damages, it. is not necessary that any witness should have expressed an opinion as to the amount of such damages, but the jury may themselves make such estimate from the facts and circumstances in proof, and by considering them in connection with their knowledge, observation and experience in the business affairs of life."

It is urged that the instruction did not limit the jury to facts and circumstances bearing upon the condition of appellee, her pain and suffering, the extent of her injuries, or whether temporary or permanent; and it did not limit them in their estimate to such damages as they might consider a fair compensation to her for her injuries, but left the jury free to take into consideration any facts or circumstances in proof which they might see fit to include in making their estimate.

This instruction was substantially approved in Chicago City Ry. Co. v. Gemmill, 209 Ill. 638, where substantially the same objection was made to the instruction as is now urged for our consideration. Substantially the same instruction was sustained also in Richardson v. Nelson, 221 Ill. 254.

Doubtless the instruction would have been more accurate, as was said in Chicago City Ry. Co. v. Gemmill,

*supra,* had it limited the jury to the consideration of the facts and circumstances attending the injury, as was done in the case of Gartside Coal Company v. Turk, 147 Ill. 120, but, we are of the opinion that the jury was not misled by the instruction.

It is also urged that the damages assessed by the verdict are so excessive that the verdict shows that the jury acted under the influence of sympathy and prejudice, or a misconception of the evidence, and that such a verdict cannot be cured by a *remittitur,* and also that the judgment after the *remittitur* is excessive.

The verdict in this case was for $2000, as above stated. The entering of the *remittitur* and giving judgment upon the balance of the verdict is a practice which has obtained in this state and which has been sustained by the Supreme Court in Libby, McNeil & Libby v. Scherman, 146 Ill. 540, and many other cases; and we think the practice cannot now be questioned.

In view of the testimony in the record we are not prepared to say that the judgment for $1250 is excessive for the injury which the plaintiff received. The liability is not questioned, and that the parties had a fair trial is very clear. No rulings of the court during the progress of the trial are questioned and no complaint is directed against counsel, and no error is claimed to have been committed by the trial judge except in giving the above instruction. There appear not to have been present any elements or conditions during the trial of the case which would in any wise affect improperly the minds of the jurors or produce any bias or prejudice in their minds.

The evidence shows that the injury to the plaintiff was severe and painful, and that even after the lapse of more than two years it continued painful. The evidence tends to show that there was a stiffening of the right hip joint as a result of the injury which had not passed away even at the time of the trial. We cannot

596        APPELLATE COURTS OF ILLINOIS.

Blais v. United Brotherhood of C. & J. of Am., 169 Ill. App. 596.

say that the judgment is excessive, upon a careful consideration of the evidence.

The judgment must be affirmed.

*Affirmed.*